## HURST v. SHEETS AND TRUSSELL.

1. SETTING OFF MUTUAL JUDGMENTS. Courts of equity will set off mutual judgments when one of them has been assigned fraudulently by the party in whose favor it was rendered, for the purpose of preventing such a set-off under § 3328 of the Revision of 1860.

*Appeal from Wapello District Court.*

MONDAY, DECEMBER 22.

THE case made by the plaintiff in his bill is this: That on the 8th day of June, 1860, he recovered, in the District

Court of Wapello County, a judgment for $158.80, together with costs of suit, taxed at $15.15, against the defendant Sheets; and that on the same day and term of the court, the said Sheets recovered a judgment of $216, together with costs, taxed at $48.85; that the rendition of this last judgment, although on the same day, was subsequent in point of time to the judgment first above described; that on the same day of the rendition of said judgments, the said Sheets assigned his judgment in part to one A. Trussell, without the knowledge or procurement of said Trussell; that afterwards the said Sheets caused an execution to be issued on said judgment and placed in the Sheriff's hands; that he, the plaintiff, has fully paid off said execution in favor of said defendant, less the amount due to him on his judgment against defendant Sheets, of which last judgment he has offered to enter satisfaction on the record of this Court, and is still ready to satisfy the records of said judgment in full, upon his being allowed a credit of the amount thereon due upon the said execution, but that both the defendant Sheets and the sheriff refused and persist in the collection of the whole amount of said execution off of your petitioner, and for that purpose have made a levy upon his property; that the defendant Sheets was, at the time of the assignment aforesaid and still is, totally and absolutely insolvent. An injunction is prayed for, and a decree asked, to the effect that plaintiff's judgment shall be a set-off to the unpaid portion of the defendants' judgment, &c.

To this complaint the defendants demur; first, because the petition does not show that the two judgments are mutual, and that the sheriff had an execution on each in his hands at the same time; second, because the judgment enjoined had been assigned, &c. This demurrer was sustained and the plaintiff's bill dismissed, whereupon he excepted and appeals.

*Hendershott & Burton* for the appellant.

*T. B. Perry* for the appellee.

LOWE, J.[1]—The demurrer should have been overruled. The defendant Trussell was not a *bona fide* assignee. According to the averments in the petition at the time he took the assignment, he was fully cognizant of Sheets' total insolvency, and received the same subject to the right of the plaintiff to offset his judgment, *pro tanto*, against that of the defendant.

Section 3328 of the Revision of 1860 is in aid of the common law enabling the party, through the sheriff, when he had executions on both judgments, to do directly and in a summary way what he had a right to call upon a court of equity to do in the absence of any such statute. *Greene* v. *Dooling et al.*, 5 Mason, 201; 2 Story's Eq. Jur., §§ 1430–1444. It is true courts of equity will observe great caution in interfering in such cases—a jurisdiction which Judge STORY said was full of delicacy and danger in cases of complicated trusts and assignments, where there was no statute to regulate it. But Lord MANSFIELD, in *Green* v. *Former*, 4 Burr., 2214–2220, remarked that "*natural equity* says, that cross-demands should compensate each other by deducting the less sum from the greater, and that the difference is the only sum which can be justly due." In obedience to this principle of natural justice, and to avoid circuity of suits, the law-giving power of this State has made very broad the doctrine of set-offs, and a court of chancery should not refuse to give effect to its provisions, especially where an equity intervenes, as in this case; for it will be remembered that under the circumstances of this assignment, if the plaintiff had caused an execution to be issued upon his judgment, and placed in the hands of the officer at the

---

[1] WRIGHT, J., having been of counsel, took no part in the determination of this case.

Hurst v. Sheets & Trussell.

time said officer had in his hands the execution upon the Sheets' judgment, still the officer aforesaid could not very well allow the set-off of one execution against the other without determining equities which may have interposed by virtue of the assignment and thereby usurping the power of a court of equity. In this case the bill states facts involving the *bona fides* of the assignment as between Sheets and Trussell, and if these facts are shown to exist, we do not see why a court of equity would not direct that these judgments should compensate each other.

In the case of *Green* v. *Darling et al.*, *supra*, STORY, J., has discussed this question at great length reviewing both the English and American authorities. He refers to a great number of decisions which are on both sides of the question. Some of them which favor the right of set-off, we take the occasion to cite. In *Greene* v. *Hatch*, 12 Mass., 195, it was held, " that judgments might be set-off against each other notwithstanding an assignment, where the demands on which the judgments were founded were coeval and the assignee had notice." In *O'Callaghan* v. *Sawyer*, 5 John., 116, it was decided, that a holder of a note assigned after it became due took it subject to all equities which existed against it between the original parties, not only as to the note itself but as to the set-offs. And this decision has been followed, in the *Bank of Niagara* v. *McCracken*, 18 John., 493, and *Ford* v. *Stuart*, 19 John., 342, and may be considered, says Judge STORY, as the settled law of the State not only as to set-offs of debts, but of judgments against each other. In the latter case the principle applies as well where the judgments have been assigned as where they remain in the original parties, &c. See, also, *Chamberlain* v. *Day*, 3 Cow., 353. Following these authorities we will reverse the order sustaining the demurrer, and remand the cause.

Reversed.