WELLS, appellant, *v.* CLARKSON, respondent.

PLEADING — *complaint in action to set-off judgments — liability of assignee with notice.* The complaint in this case alleges that C. obtained judgment against W. in July, 1868, for $5,000 for personal injuries: that W. obtained judgment upon a promissory note against C. in October, 1868, for $2,673, which is unpaid; that W. paid C. one-half of his judgment in November, 1868; that C., in payment of a pre-existing debt, assigned to M., in July, 1868, one-half of his judgment against W., which is unpaid; that M. had full notice at the time of the demand of W. against C., which had been owned by W. since December 2, 1867; that C., during these times, was and is insolvent, and that the sheriff has executions upon the judgments in favor of M. against W. and W. against C. W. prays that his judgment may be set off against the judgment entered for C. M. demurred. *Held,* that the complaint states facts sufficient to constitute a cause of action. *Held,* also, that W. has the right to set off his judgment against that assigned to M. *Held,* also, that M. is not a *bona fide* purchaser of the judgment against W., and holds the same subject to the right of set-off by W.

*Appeal from Third District, Lewis and Clarke County.*

THE demurrer was sustained by .WADE, J.

W. F. SANDERS and E. W. TOOLE, for appellants.

CHUMASERO & CHADWICK, for respondents.
No briefs on file.

KNOWLES, J.    The issue in this case is presented on complaint and demurrer.    The material facts set forth in the complaint are, that on the 10th day of July, A. D. 1868, Clarkson obtained a judgment against the plaintiff for the sum of $5,000 damages, and $524.17 costs, in an action for damages for injuries received through the negligence of the plaintiff, while engaged as a common carrier of passengers; that on the 2d day of December, A. D. 1867, the plaintiff herein had a just demand against the said John M. Clarkson, one of the defendants, for the sum of $2,673.38, due on a promissory note, and that on the same date the plaintiff instituted suit on said demand, and on the 26th day of October, following, recovered judgment for the full amount of his claim, together with $20 costs, and that said judgment remains in full force at this date and is unpaid; that on the 19th day of November, 1868, this plaintiff paid the said Clarkson on his judgment $2,500, leaving the balance of said judgment unpaid; that on the 10th day of July, 1868, Clarkson, in payment of a pre-existing indebtedness to one McGregor, assigned to him the unpaid balance of said judgment against this plaintiff; that at the time of this assignment, McGregor had full notice of the demand of plaintiff, and that at the time Clarkson was insolvent, and still remains insolvent; that McGregor, for his benefit, has caused execution to be issued against the said plaintiff on the said judgment against it, and that plaintiff had caused execution to issue on its judgment against Clarkson, and that both judgments are in the hands of the sheriff of Lewis and Clarke county.    Plaintiff asks in this action that its judgment may be set off against Clarkson's judgment.    The facts set forth in the complaint are admitted by the demurrer.    The court below sustained the demurrer.    It was to the effect that the complaint did not state facts sufficient to constitute a cause of action.    The ruling of the court upon this demurrer is assigned as error.    The question is then presented to us, did the complaint state facts sufficient to constitute a cause of action?    The action in which Clarkson obtained his judgment was for unliquidated damages.    In that case the plaintiff had no power to set up its claim as a defense.    A set-off can be set up only when both demands are choses in action.

As soon as Clarkson obtained his judgment, it then became a

chose in action, and the rule undoubtedly is in an action in equity, that as Clarkson was insolvent the plaintiff had a right to have his demand set off against Clarkson's judgment. This has been termed a natural equity. See Waterman on Set-off, 440–464; *Hobbs* v. *Duff*, 23 Cal. 596; *Hurst* v. *Sheets*, 14 Iowa, 322; *Isett* v. *Lucas*, 17 id. 504. McGregor, however, became an assignee of the unpaid balance of this judgment of Clarkson, and this presents to us the question, could he take this judgment freed from this right of the plaintiff, to have his claim set off against the same. It appears in the complaint that McGregor had notice of the claim of plaintiff before he took an assignment of the judgment from Clarkson. McGregor cannot then claim to be a *bona fide* purchaser of this judgment. He had notice of this natural equity of the plaintiff before his rights accrued. This equity was an actual and subsisting one at the time. Under such circumstances a purchaser of property cannot come into court and say I purchased it, under the belief that the vendor had a complete title thereto. Or take the case of this judgment. The assignee cannot say, I took it under the belief that the assignor had a full right to all the money it called for. He knew of this equity which said that the assignor was entitled to only the balance due him after satisfying the claim of the plaintiff. An assignee of a judgment, with notice of an outstanding equitable set-off, is not a *bona fide* purchaser thereof. See *Hobbs* v. *Duff*, 23 Cal. 596; *Hurst* v. *Sheets*, 14 Iowa, 325.

But whether or not McGregor had any notice of this equity of plaintiff, as it was a subsisting equity at the time of the assignment, still he purchased it subject to this equity. An assignee cannot be put in any different condition from that of his assignor, unless some fraud has been practiced upon him, or some bad faith exhibited. Although, under our statutes, an assignee may sue and prosecute actions in his own name, that does not place him in any different position otherwise than an assignee before this statute. An assignee of a claim, since assignments have been allowed by law, has always taken his assignment subject to any rights of set-off the person owing the demand possessed at the time of the assignment. In equity, this rule always prevailed whether the right of set-off was a legal or equitable right. *Bush*

v. *Lathrop*, 22 N. Y. 535.    This case is a well-considered one, and fully sustains the above doctrine.

·The statutes of this Territory provide that the assignment of a thing in action shall be without prejudice to any set-off or other defense at the time of or before notice of the assignment.   See Laws of Montana Territory for 1871–2, p. 28, § 5.   A judgment has been classed as a thing in action.   *Burtis* v. *Cook*, 16 Iowa, 194 ; *Isett* v. *Lucas*, above cited.   There might be some doubt as to whether this statute referred to any thing more than a right to set up a set-off or counter-claim upon an action on a chose in action.   But in the case of *Hubbs* v. *Duff*, 23 Cal. 626, the court notices  this statute as sustaining the view that a similar statute applies in an action of this nature.   ·

It may be observed, however, that equity follows the law, and that this statute defines the legal status of the assignee.

In this case there was an equitable right of set-off which could be made available in a court of equity only, owing to the nature of the action of Clarkson against plaintiff, and we think the relief the plaintiff asks in this action was proper, and should have been granted.

For these reasons we hold that there was error in the ruling of the court below.

There is nothing in the case of *McGregor* v. *Wells*, 1 Mon. 142, that asserts any doctrine contrary to that expressed here. The cases we  examined, that were cited by the respondent, were not in point.   Most of them were  cases where the question was presented on motion to set off one judgment against another.

Judgment of the court below is reversed, and the cause remanded.

*Judgment reversed.*