CHARLES KRAMER v. JOSEPH HOLSTER.

1. APPEAL. *Justice's court. Appeal taken after five days.*

    An appeal from the judgment of a justice of the peace, taken after the expiration of five days from the date of the judgment, is, under our statute, void. The time prescribed for taking the appeal is a limitation of the jurisdiction of the Circuit Court, and not a mere statute of limitations to be pleaded by the opposite party.

2. SUPERSEDEAS. ' *Power of circuit judges to grant. Practice.*
Under the Code of 1871, judges of the Circuit Courts are authorized to order the issuance of writs of *supersedeas* "in all cases where the same may properly be granted, according to right and justice;" but the practice in granting and proceeding with such writs is not regulated by statute. The terms of granting a *supersedeas* may be fixed by the judge who grants it, and the proper mode of proceeding must be determined upon general principles.

3. SAME. *To stay execution on void judgment. Quashing execution.*
An execution should not be quashed, or a judgment vacated, without notice to the plaintiff therein. But a circuit judge may, upon the *ex-parte* application of the defendant, grant a *supersedeas* to stay an execution issued upon a judgment rendered in the Circuit Court, on an appeal from a justice of the peace's court, taken after the time limited for taking such appeal, in favor of a party who was dead at the time of the rendition of the judgment, which was not revived in the name of his personal representatives. And in such a case, there being no one upon whom to serve a notice, the defendant is not required to make a motion to quash the execution, for he can take no further step in the matter after procuring the *supersedeas.*

4. JUDGMENT. *When void, how resisted.*
Where a defendant claims that a judgment is invalid, he should procure an order vacating it, if he can; but if he sees proper to apply for an order to stay the execution as often as one may be issued, he has the right to do so.

5. SAME. *When void, cannot be validated by time.*
A void judgment cannot derive any validity from the defendant's failure, for several years, to have it vacated. Time will not cure or improve its defects.

ERROR to the Circuit Court of Clarke County.
Hon. J. M. ARNOLD, Judge.

Joseph Holster brought an action against Charles Kramer, before a justice of the peace, and on August 27, 1872, a judgment was rendered for the defendant. On September 3, 1872, Holster appealed to the Circuit Court; and in December, 1872, that court rendered a judgment against Kramer for $104.30. On April 13, 1876, an execution was issued on the judgment. Kramer then filed an *ex-parte* petition for a writ of *supersedeas*, stating that the appeal from the judgment of the justice of the peace was not taken till seven days after the rendition thereof; that he had no notice of the appeal; and that, at the time the judgment was rendered in the Circuit Court, the plaintiff in the case was dead, and there was no revival in the name of his personal

representatives. The circuit judge granted the writ, and the execution was stayed on April 29, 1876. The prayer of the petition was that a *supersedeas* be granted "until a motion to quash the execution can be heard." At the next (or September, 1876) term of the court no motion to quash the execution was made, but the case was continued. And at the March term, 1877, S. Evans, as *amicus curiæ*, moved the court to dismiss the petition and writ of *supersedeas*, which motion was sustained. Thereupon Kramer sued out a writ of error.

*W. H. Hardy*, for the plaintiff in error.

1. One of the offices of the writ of *supersedeas* is to suspend the execution of a void judgment. It may be issued upon the fiat of a circuit judge, either in term time or in vacation. Code 1871, sec. 533.

2. That the judgment against the plaintiff in error in the Circuit Court is void there can be no question. The record shows that the appeal from the Magistrate's Court was taken seven days after the rendition of the judgment in that court; hence the Circuit Court had no jurisdiction of the case. The statute expressly requires that such an appeal must be taken "within five days." That the "appeal be demanded, and bond given within five days after the rendition of the judgment, and affidavit made," etc., are jurisdictional facts which must appear affirmatively in the record; otherwise, the Circuit Court could have no jurisdiction of the appeal. *Gwin* v. *McCarroll*, 1 Smed. & M. 351. The judgment was *coram non judice*, the case being one in which the court had no jurisdiction. *Doe* v. *McDonald*, 5 Cushm. 610; *Commercial Bank of Manchester* v. *Martin*, 9 Smed. & M. 613.

3. The petition for *supersedeas* alleges that the defendant in error was dead at the time the judgment was rendered in his favor, and this fact also renders the judgment void.

4. Was it necessary to serve the plaintiff in the judgment, or his attorney, with notice of the *supersedeas?* The proposition is absurd, because it would be impossible to serve a writ on a dead man, or for a dead man to have any attorney upon

whom it might be served, since death certainly dissolves the relation of client and attorney. But, if Holster had been living, no notice of the filing of the petition or the issuance of the *supersedeas* was necessary. *Branch Bank* v. *Coleman*, 20 Ala. 140 ; *Welch* v. *Jones*, 11 Ala. 660.

*S. Evans* and *Frank Johnston,* for the defendant in error.

1. The proceeding by *supersedeas*, being *ex parte*, was irregular, and on this ground alone the judgment of the court dismissing the proceeding is legal and correct. As to the necessity for notice, see Freem. on Ex., sec. 74 ; 18 Ala. 315 ; *Mann* v. *Nichols*, 1 Smed. & M. 257.

2. The *supersedeas* was to suspend the execution until the return term, for a motion to be made to quash the execution ; but at the return term no such motion was made, and the case was continued. The writ was then *functus officio ;* and even if the court had had the power to quash the execution after the return term, the quashing would have been useless. But the court did not have such power. *Hopton* v. *Swan*, 50 Miss. 545 ; *Nelson* v. *Brown*, 23 Mo. 19. The purpose of the *supersedeas* was to enable the party to move at the return term to quash the execution, which he did not do then, and could not do after that term.

3. It is urged that the judgment of the Circuit Court is void because the appeal from the Justice's Court was not taken within five days ; but we insist that on this proceeding the Circuit Court could not, and this court cannot now, review that judgment. But the judgment is not void. No notice of such appeal is required by statute, or by any rule of practice ; and the five days prescribed is more in the nature of a limitation on the appeal than a condition upon which the jurisdiction of the court depends. It was a matter that might have been available on a motion or plea in the Circuit Court.

CAMPBELL, J., delivered the opinion of the court.

The appeal from the judgment of the justice of the peace, after the expiration of five days from the date of the judg-

ment, was void, and did not vest the Circuit Court with juris-
diction to try the case.   Code, sec. 1332.

The prescribed time is a limitation of the jurisdiction of the
Circuit Court, and is not a mere statute of limitations to be
pleaded by the opposite party.   No citation or notice is pro-
vided for in such appeals.   The right to appeal is given, to be
exercised, upon prescribed terms, within five days, during
which the other party is supposed and required to be cognizant
of an appeal taken ; but an appeal taken after the five days is
without notice in law to the opposite party, and is to be dis-
regarded, as in no way having affected the judgment of the
justice of the peace.   Therefore the judgment of the Circuit
Court on this appeal, described in the petition for *supersedeas,*
was void, and the execution issued upon it was void.

It was proper for the circuit judge to order the execution,
described in the petition, to be stayed.   Every court possesses
the inherent power to prevent an abuse of its process.   Freem.
on Ex., sec. 32 ; *Harrington* v. *O'Reilly* et al., 9 Smed. & M.
216.   Our statute (Code, sec. 533) authorizes the judges of
the Circuit Courts to order the issuance of writs of *supersedeas*
" in all cases where the same may properly be granted, accord-
ing to right and justice ; " but the practice in granting and
proceeding with such writs is not regulated by statute.   There
is no provision for a bond in case of staying an execution, or
for a summons or notice to the opposite party.   The terms of
granting a stay of an execution may be fixed by the judge who
grants it, and the proper mode of proceeding must be deter-
mined upon general principles.   Undoubtedly, a party's rights
cannot be affected without notice.   His execution should not
be quashed, or his judgment vacated, without notice ; but in this
case the petition for a stay of execution avers that the plaintiff
in the execution was dead at the time of the rendition of the
judgment, and that there was no revival of the suit in the
name of a personal representative — but that judgment was
given in favor of the dead man.   If this be true, *prima facie*

there was no one upon whom to serve a notice. The death of the plaintiff revoked his appointment of an attorney, and the defendant in the execution found himself about to be annoyed by the levy of an execution unlawfully issued, but which he was denied the right to contest, because of the want of some one on whom he could serve notice of his proceeding — if it be true that he could not maintain his petition without notice to the plaintiff or his attorney. This position is not maintainaale. *Moore & Cocke* v. *Bell*, 13 Ala. 459 ; *Wagnon* v. *McCoy, Exr.*, 2 Bibb, 198.

The execution in this case was properly stayed upon the averments of the petition, and it should not have been dismissed on the motion of the *amicus curiæ*. If the plaintiff in the judgment is not dead, he can appear and contest the petition, and move to discharge the *supersedeas*, on the face of it, or cause an issue to be made up to try its truth ; and, if the plaintiff is dead, his personal representative can do likewise. If the petition states the truth, no wrong is done by a continued staying of the execution.

In the position in which the defendant in the execution found himself, as shown by his petition for a *supersedeas*, he could do no more than apply to the circuit judge to relieve him from the writ wrongfully issued against him ; and, having obtained a stay of execution, he could take no further step for want of some one in being on whom to serve a notice.

A motion to quash this execution was unnecessary, and would have availed nothing if heard and sustained. The complaint against the execution is for want of a valid judgment to sustain it. Quashing an execution is no bar to a subsequent execution. The better course for the defendant is to procure an order, if he can, vacating the void judgment, so as to save himself from further executions upon it ; but if he sees proper to take the risk of this, and to apply for an order to stay the execution as often as one may be issued, no law denies to him the right to pursue this course. The judgment cannot derive

any validity from the defendant's inaction. Time will not improve it or cure its defects. This opinion assumes the truth of the petition, and the conclusion is that the judgment dismissing it is erroneous, and is reversed, and cause remanded for further proceedings.