WELLS, FARGO & CO., appellants, *v.* CLARKSON ET AL., respondents.

PARTNERSHIP — *Personal judgment against partner not void.* — A personal judgment against one of several partners, in an action on a partnership liability, is not void, and consequently cannot be collaterally attacked, if the court had jurisdiction of the parties and of the subject-matter of the action.

EQUITABLE SET-OFF — *Judgments, when can be set off after assignment.* — A judgment debtor is entitled to set off a judgment in his favor, against a judgment in favor of his judgment creditor, although such creditor has assigned his judgment, and the assignee, at the time of the assignment, had no notice of the subsisting equity of the judgment debtor.

*Appeal from Third District, Lewis and Clarke County.*

E. W. & J. K. TOOLE, for appellants:

1. It has been determined that the equities of the appellants are superior to those of respondent. That is to say, appellants having a claim against Drake, Clarkson & Co., and Clarkson, one of the firm, having a claim against appellants, that the equities of respondent to have its claim set off against Clarkson is superior to the right of respondent McGregor to enforce an assignment of the Clarkson judgment against appellant. Hence, as said by the court below, the only question left is the power of the court to render the judgment in the case of appellants *versus* Drake, Clarkson & Co.

Upon this question we submit:

1. That there is no issue made upon it in the pleadings.

2. That all the parties were before the court and answered in the case, and the court had jurisdiction of the subject-matter, and the judgment was proper, at all events until reversed on appeal or corrected by motion in the court below. The court in this case can only review the complaint, answer, replication, findings and judgment, neither party having made out a statement. The court will and must disregard all else.

CHUMASERO & CHADWICK, for respondent.

1. If the rights of third parties did not intervene, these judgments could not be set off, one against the other, either in law or equity. The Clarkson judgment was rendered in an action of tort, and that of defendant was upon contracts for the payment of money, executed by copartners, and against Drake, Clarkson & Co. No personal judgment could be rendered against Clarkson individually and not against the other partners. The right of set-off did not exist even if no assignment had been made. See Practice Act, secs. 87, 88; also secs. 20, 25 and 105, General Laws; N. Y. Code, secs. 150 and 274; sec. 5, Montana Code; *Baldwin* v. *Briggs*, 51 How. Pr. 477; *Peabody* v. *Blumer*, 3 Abb. Pr. 353; 2 E. D. Smith, 50; Wait's Annotated Code, p. 264, *f*, and authorities there cited; 6 Duer, 53; Freeman on Judgments, secs. 232, 233; 55 N. Y. 123; *Ames* v. *Bates*, 119 Mass. 398; Freeman on Judgments, 426, 427, 428 *et seq.*

2. As to judgments not being within the statutes as to set-off, and not a contract, and also as to equities, see *Ray* v. *Hurlbut*, 17 Ill. 572; Waterman on Set-off, p. 84, sec. 69, and notes; *Irvin* v. *Wright*, 1 Scammon, 135; *Graves* v. *Woodbury*, 4 Hill, 559; *Hackett* v. *Connett*, 2 Edw. Ch. 74; *Davis* v. *Milburn*, 3 Iowa, 163; *Claflin* v. *Dawson*, 58 Ind. 412; 11 Bush (Ky.), 400; 23 Cal. 625; 38 N. Y. 107; *Simpson* v. *Lamb*, 40 Eng. L. & Eq. 20. As

to notice filed of assignment, see 10 Ind. 102; 29 Penn. 401.

3. That the copartners of Clarkson were not brought in and served with process so that judgment could be entered against them as appears from the judgment roll, and that no judgment was entered against the firm of Drake, Clarkson & Co, see *Miles* v. *Bitterhall,* 18 Abb. Pr. 161; *Mayfield* v. *Cooley,* 46 How. Pr. 272; *Kelly* v. *Austin,* 17 Cal. 564; *Stearns* v. *Aguirre,* 6 Cal. 180; 6 Blackf. (Ind.) 557; 18 Johns. 459; 1 Laws, 490; *Tinkum* v. *O'Neals,* 5 Nev. 93; *Jenks* v. *Opp, Adm'r,* 43 Ind. 108; *Porter* v. *Silvers,* 35 Ind. 295; *Killer* v. *Blaisdell et al.* 1 Nev. 491; Pom. Rem. sec. 757, and note; *Hardy* v. *Blazer,* 29 Ind. 226; *Wooster et al.* v. *Chamberlain,* 28 Barb. 602; *Page* v. *Brunt,* 18 Ill. 37.

As to the allegation in appellants' brief that all defendants in case of *Wells, Fargo & Co.* v. *Drake, Clarkson & Co.* were before the court, it is true the record shows an answer filed for all. But the plaintiffs in that case, for the fraudulent purpose of obtaining a judgment against Clarkson individually, and that an attempt might be made to set it off against the Clarkson judgment, themselves abandoned (after trial) the case as to Clarkson's partners, for the alleged reason that they had not been served and were not properly before the court. It would seem rather late now for them to insist upon the benefit of a claim which they themselves rendered nugatory by voluntary abandonment for the purpose of taking an illegal advantage. We urge that the proceedings show that if the court ever had jurisdiction of the case it was lost by act of the plaintiffs, and that the dismissal as to two of the joint defendants was virtually a dismissal of the case, and that there was nothing left upon which to render judgment in favor of plaintiffs, and the judgment which was rendered was *coram non judice,* and there were and are no equities in favor of plaintiffs; and that the plaintiffs introduced the judgment roll in case

of *Wells, Fargo & Co.* v. *Drake, Clarkson & Co.* in the case, and thereby proved themselves out of court.

COBURN, J.   This is a proceeding in equity by the appellants, Wells, Fargo & Co., who are the owners of a judgment against one of the defendants, Clarkson, rendered in their favor, to have this judgment set off against a judgment rendered in favor of Clarkson against them, and by Clarkson assigned to the defendant McGregor, who procured an execution thereon and placed the same in the hands of the other defendant, Powers, for collection.   The plaintiff seeks, in addition to the judgment of set-off, to have the defendants enjoined from further proceedings on their judgment.   The case was tried below by the court, and the following are the special findings of fact:

1. That on the 19th day of June, 1867, the defendant, John M. Clarkson, herein, commenced an action for damages against the plaintiff; and on 10th day of July, 1868, recovered a judgment therein; all of which will appear by the judgment and pleadings in the case.

2. That, on the 13th day of December, 1867, the plaintiff in this action commenced an action against Drake, Clarkson & Co., of which firm said defendant herein, John M. Clarkson, was a member, in which action there was, on the 4th day of January, 1868, an amended complaint filed, and to which amended complaint there was an answer filed on the 13th day of the month last aforesaid, which action was based upon certain notes and accounts, marked exhibit D, upon which pleadings and issues there was, on the 26th day of October, 1868, a judgment duly rendered in said cause, which appears by the pleadings and judgment.

3. That, on the 10th day of July, 1868, the attorneys for said Clarkson duly filed their lien as such upon the said judgment so recovered by him against the said Wells, Fargo & Co., which lien was, on the 19th day of

November, 1868, duly paid, and a receipt duly given therefor, which lien and sum paid and receipted for amounted to $2,500.

4. That, on the said 10th day of July, 1868, the day of the rendition of the judgment in favor of said Clarkson against Wells, Fargo & Co., the said Clarkson duly assigned and transferred to the defendant herein, Archibald McGregor, one-half of the judgment so recovered by him, which was duly copied into the judgment docket of said court.

5. The said McGregor, before taking said assignment, had a demand against said Drake, Clarkson & Co. for the amount specified therein; that he examined the books, papers and accounts of said firm, after its failure and before taking said assignment, in order to ascertain what, if any, the company owed Wells, Fargo & Co., and that there did not appear on said books, papers or accounts to be anything owing or coming to said Wells, Fargo & Co., nor had he any notice that Clarkson, or Drake, Clarkson & Co., were indebted to said Wells, Fargo & Co. in any sum at the time of taking said assignment. That, after taking said assignment, he notified R. F. Gillespie, who was the agent of Wells, Fargo & Co., thereof, on the day it was taken, and also notified, on said day, the attorneys of Wells, Fargo & Co. of such fact, and that said Drake, Clarkson & Co. failed in July, 1868."

The following finding as to the law was made, viz.: "The court finds, as matter of law arising upon the findings of fact, that the judgment of plaintiff against Clarkson cannot be set off against the judgment now held by McGregor against plaintiff, and judgment for the defendants is ordered accordingly."

It appears by the judgment roll, in the case of *Wells, Fargo & Co.* v. *Drake, Clarkson & Co.*, that, upon the trial by the court, in the findings, the plaintiffs were allowed to dismiss their action as to all the defendants

except John M. Clarkson, who alone had been served with notice, and judgment was thereupon rendered in their favor against him alone for $2,673.38, upon the 26th day of October, 1868, as above stated.

This is the judgment which the plaintiffs seek to have set off against the balance which remains unpaid of the judgment for the sum of $5,000 damages, and $524 costs, rendered on the 10th day of July, 1868, in favor of John M. Clarkson against Wells, Fargo & Co., one-half of which had, on that day, been assigned to the defendant McGregor by him, and the other half of which was paid by the plaintiffs in the action at bar to Clarkson. Both of these judgments were rendered by the district court of the county of Lewis and Clarke.

The respondent insists that the judgment in favor of the plaintiffs (the appellants) rendered against Clarkson on the 26th day of October, 1868, is void, because the action was dismissed as to all of the defendants who were partners of the firm of Drake, Clarkson & Co., except Clarkson, and a judgment rendered against only one partner. There is nothing in the pleadings showing that the defendant Clarkson asked that the judgment be set aside or reviewed. It stands as a judgment of a court of general jurisdiction, not appealed from, unreversed, valid and subsisting. Respondent says that the proceedings show that, if the court ever had jurisdiction of the case, it was lost by the act of the plaintiff, and that the dismissal as to two of the joint defendants was virtually a dismissal of the case; and that there was nothing left upon which to render judgment in favor of plaintiffs; and the judgment which was rendered was *coram non judice*, and there were, and are, no equities in favor of the plaintiffs.

The respondent seems to rely upon the ground that the suit was dismissed as to the copartners of Clarkson, and judgment rendered against him alone for the partnership debt; and that for this reason this judgment

is a nullity. If Clarkson had resisted the judgment against him upon the ground that his partners should be included in the judgment for a partnership debt, he could have compelled the plaintiffs, Wells, Fargo & Co., to have taken a joint judgment. He did not do this — no plea in abatement was interposed — but he allowed judgment to go against him personally. And it nowhere appears, in pleading or proof, that he allowed this to be done with a fraudulent intent, or in collusion with Wells, Fargo & Co., or with any design to defraud McGregor, the assignee of the judgment against Wells, Fargo & Co.

The question as to whether an act is void or voidable is involved in some obscurity; and in this case we are asked to treat the action of the court below as a nullity, in a suit in which the court had jurisdiction of the parties and of the subject-matter of the case. The subsequent dismissal of the complaint as to two of the defendants did not dismiss it as to the third. The court still had jurisdiction as to him; before the final disposition of the case, some action must be taken by the court as to him; until then, the court had jurisdiction both of the person of that defendant and of the subject-matter of the suit as to him.

It seems clear that the court had not divested itself of jurisdiction by allowing a judgment of dismissal as to the other defendants. The cause might be continued; the complaint be amended; new parties made and new issues formed. This was possible; and this could not be done in a void proceeding, in a suit that was a nullity.

In such a suit the judgment or decree would be such that no action on the part of the plaintiff; no inaction upon the part of the defendants; no resulting equity in the hands of third persons; no power residing in the legislative or other branch of the government, can invest it with any of the elements of power or vitality. See *Kramer* v. *Holster*, 55 Miss. 243; *Pryor* v. *Downey*, 19 Am. Rep. 656; *Maxwell* v. *Goetchens*, 29 Am. Rep. 242.

If the court below erred in allowing the plaintiff to proceed in a particular way, for instance, in taking the judgment, that would not render its action void. Whether this court can treat such action as a nullity is well defined by Wait, in his work on Fraudulent Conveyances, section 422. He says: "A plain distinction must be observed between jurisdiction and the exercise of jurisdiction. A court may have the right and power to determine the *status* of a thing, and yet may exercise its authority erroneously. After jurisdiction attaches in any case, all that follows is exercise of jurisdiction. The right to inquire into the jurisdiction by another court in a collateral action is confined to the question of authority, and it does not extend to the question whether or not the court erred in the exercise of lawful authority to act. It is only a void judgment that may be attacked collaterally; where it is only voidable, where the proper court has decided improperly, the remedy is by resort to a higher court; and when the highest is reached the law gives no further remedy. By 'proper court' is meant not merely a duly constituted tribunal, but one having authority over the subject-matter of the particular case in question."

The judgment being valid and binding, it may be set off against the judgment in favor of Clarkson, belonging to the defendant McGregor. It has been decided in this case — 2 Mont. 230 — heretofore tried upon a demurrer to the complaint, that whether the defendant McGregor had any notice of the plaintiff's equity, made no difference, since it was a subsisting equity at the time of the assignment, and that he took this assignment subject to any right of set-off the person owing the demand possessed at the time of the assignment. The court, in the above opinion, say further: "In this case there was an equitable right to set-off, which could be made available in a court of equity only, owing to the nature of the action of Clarkson against plaintiff, and

we think the relief the plaintiff asks in this action was proper, and should have been granted."

We do not think that the judgment against Clarkson can be treated as a nullity, or attacked collaterally in this proceeding. McGregor, the assignee, can claim no more or greater rights than his assignor, Clarkson; and he could not impeach this judgment, having had his day in court, having answered and appeared at the trial contesting the plaintiff's right to recover. It is said in Freeman on Judgments, section 334, that "judgments of any court can be impeached by strangers to them, for fraud or collusion, but no judgment can be impeached for fraud by a party or privy to it."

We are of opinion that the set-off asked for in the complaint should have been allowed.

The judgment is reversed and the cause remanded for further proceedings.

*Judgment reversed.*