WILLIAM B. LEDYARD v. LEVI L. PHILLIPS, MARY L. WARNER ET AL.

*Offset of Judgments.*

A bill to compel the offset of judgments was dismissed, where one was a joint and the other a sole judgment, and that recovered by defendant had been lawfully assigned to a third person for a valuable consideration before there was any final judgment against which it could be set off.

Appeal from Kent. (Montgomery, J.) June 19.—Sept. 29.

BILL to compel set-off. Defendants appeal. Reversed.

*Smiley & Earle* for complainant.    Where one of the
parties to counter-claims or judgments is insolvent, and the
circumstances are such that a set-off could not be had at law,
equity will compel a set-off of one claim against another, or
one judgment against another : *Simson v. Hart* 14 Johns.
62, 74 ; *Blake v. Langdon* 19 Vt. 485 ; *Lindsay v. Jackson*
2 Paige Ch. 581 ; *Pond v. Smith* 4 Conn. 297 ; Storey's Eq.
Jur. § 1437 ; *Smith v. Felton* 43 N. Y. 419 ; *Brewer v. Nor-
cross* 17 N. J. Eq. 219 ; *Phelps v. Reeder* 39 Ill. 173 ;
*Himrod v. Baugh* 85 Ill. 435 ; High on Inj. (2d ed.) § 239 ;
7 Wait's A. & D. 478 ; *Gay v. Gay* 10 Paige Ch. 369 ;
mutual judgments may be set off, either on motion or upon
a bill filed, independent of the statute of set-off, in virtue of
the incidental control of the court over its suitors and offi-
cers, and of the original jurisdiction of the Court of Chan-
cery prior to the statute of set-offs : *Duncan v. Broomstock*
13 Am. Dec. 729 ; in the exercise of this power, a judgment
against A and B may be set off against a judgment in favor of
A alone : *Wright v. Cobleigh* 23 N. H. 32 ; *Concord v. Pills-
bury* 33 N. H. 310.

*Edward Taggart* for appellant Warner.    Equity will not
allow a set-off where the law will not ; and in no case is this
rule modified farther than to allow such a set-off where there
are special equities : *Green v. Darling* 5 Mas. 201 ; *Gor-
don v. Lewis* 2 Sumn. 628 ; *Duncan v. Lyon* 3 Johns. Ch.
351 ; *Dale v. Cooke* 4 Johns. Ch. 11 ; *Lockwood v. Beckwith*
6 Mich. 175 ; see *Hale v. Holmes* 8 Mich. 37 ; *McGraw v.
Pettibone* 10 Mich. 530 ; *Hendricks v. Toole* 29 Mich. 340 ;
*Wells v. Elsam* 40 Mich. 220 ; as a general rule equity will
not set off judgments, as against a bona fide assignee : *Davis
v. Milburn* 3 Ia. 163 ; *Ramsey's Appeal* 2 Watts 229 ;
*Graves v. Woodbury* 4 Hill 559 ; *Dunkin v. Calbraith* 1 P.
A. Browne 47 ; *Hendrickson v. Hinckley* 17 How. 443 ; *Sel-
lers v. Bryan* 2-Dev. Eq. 358 ; *Cotton v. Evans* 1 Dev. &
B. (Eq.) 306.

CAMPBELL, J.    Complainant filed his bill to compel the
set-off of so much as should be necessary of a judgment in
his favor against John W. and Levi L. Phillips, against a
judgment obtained against him by Levi L. Phillips, but
assigned to defendant Warner.

The complainant's judgment was obtained on a joint and
several note made by John W. and Levi L. Phillips for

$6492 due September 1, 1873. Upon this, suit was brought October 15, 1875, and defendants pleaded the general issue with set-off. In March, 1876, the suit was referred to S. L. Withey, who, May 15, 1877, reported in favor of defendants for $697.23. Exceptions were taken in the circuit court, which were not disposed of until July 27, 1881, when judgment of confirmation was rendered. This judgment was removed by writ of error to this Court where the judgment was reversed and judgment rendered January 5, 1882, for $1206 and costs. This difference was made up by allowing Ledyard the value of crops which were on land bid off by him on foreclosure, and charged to him by the referee, but held by this Court to have gone to him as purchaser. *Ledyard v. Phillips* 47 Mich. 305.

Levi L. Phillips sued Ledyard in August, 1880, for work and labor in putting in a wheat crop in 1874, and on the 27th day of January, 1882, obtained judgment for $845.56 and costs, which he at once assigned to defendant Warner. On March 6, 1882, complainant filed this bill to enforce the set-off between the two judgments. The grounds relied on in the bill are that the joint judgment was for a private debt of Levi; that the transaction out of which Levi's claim arose was in the nature of a mutual credit,—the employment being had on the understanding that the claims should be dependent on the same mutual dealings, the insolvency of Levi, and the assignment of the latter judgment to defendant Warner as a colorable attempt to evade the set-off.

The court below decreed a set-off as prayed, and included costs as well as damages.

We discover nothing to indicate that Levi's work was done with any reference to the claim set up against him by complainant. On the contrary, there is much to indicate that no counter-claim was then supposed to exist. There had been a foreclosure of a real estate mortgage on which a surplus of not far from $10,000 was decreed to belong to John W. Phillips as against Ledyard, by decision of this Court in April, 1875 (*Ledyard v. Phillips* 32 Mich. 13),—the sale having been made in 1874, previous to the services in question, and

the sale being the same one on which the other controversy arose. It is very manifest that at this time there was no such understanding as the bill sets up, and there is some reason to think that Levi was a sufferer from the disposition of the surplus money to such an extent as to prevent the judgment of January 5, 1882, from being in any proper sense his sole debt as among the parties. The only ground which is at all plausible is the alleged insolvency of Levi. But as it is not at all shown satisfactorily that John is insolvent, although so alleged, and no attempt has been made to collect the judgment by execution, we doubt whether that ground of complaint is made out. But it is not very important because we find nothing to impugn the assignment to the defendant Warner.

On the 26th of November, 1881, for an actual and valuable consideration received from her in the price of land conveyed by her to him for $1800, Levi L. Phillips assigned to her all his claims against complainant then in suit, and any judgment he might obtain thereon. At that time he had already obtained judgment in the old referred suit, which stood apparently good, and which was subsequently reversed on a contested question of law. At that time there was nothing which could stand in the way of his doing as he pleased with his other claim, which was put in judgment January 27, 1882. The assignment made after this judgment was no more than he was legally bound to complete, if necessary to fulfill the sale. There is no foundation in the record for any suspicion of its sufficiency. The transfer of the land is made out, and the only argument used against the assignment is based on domestic relations which are not shown to be wrong, and which could not in themselves deprive the assignee of the price due her for her lands. There is no force in the argument that the assignment could not discharge the vested equity to a set-off. No such equity was made out which would appear on the face of the judgments if made out at all. No presumption arises of any connection between a joint judgment and a sole judgment.

And the assignment really dates back to the preceding November, when there was no judgment to set off.

We think complainant made no case for relief. The decree must be reversed and bill dismissed with costs to appellants in both courts against complainant.

COOLEY, O. J. and SHERWOOD, J. concurred.