John Wyvell *vs.* John Barwise and another.

April 24, 1890.

**Set-Off of Judgments—Assignment.**—June 22, 1888, B. recovered judgment against W., and on the same day assigned it to K., who still owns it. June 24, 1889, W. recovered judgment against B. *Held*, that the court cannot set the judgments off against each other.

Appeal by plaintiff from an order of the district court for Wadena county, *C. L. Brown*, J., presiding, denying his motion that a judgment of the same court of $356.20, in his favor against defendant Barwise, and the judgment of $270.61, recovered against him by Barwise in this action, be set off against each other.

*Lyman B. Everdell*, for appellant.

*A. G. Broker*, for respondents.

Gilfillan, C. J.[1] Appeal from an order refusing a motion to set off judgments against each other. June 22, 1888, respondent Barwise recovered judgment against the appellant, and on the same day assigned it to the respondent Katzky, who now owns it. June 24, 1889, appellant recovered judgment against Barwise. These are the judgments sought to be set off. There are other reasons upon which the court might have refused the motion, but the above statement of the facts presents one that renders the consideration of any other unnecessary. There could be no right of set-off of the judgments till both existed. When appellant recovered his judgment, Barwise was not the owner of the other. An assignee of a judgment takes it, of

[1]Mitchell, J., took no part in this decision.

course, subject to the equities between the parties to it. But such equities, to affect him, must exist at the time of the assignment. He cannot be affected by those that may subsequently arise. At the time of this assignment there were no counter-judgments to be set off, and no equity of set-off could exist.

Order affirmed.