## XYDIAS *v.* PELLMAN.

[83 South. 20, In Banc. No. 20962.]

JUSTICE OF THE PEACE. *Defective certification of record not cured or waived.*

Where a justice of the peace has failed to certify his record as required by section 84, Code 1906 (Hemingway's Code, section 64), the circuit court is without jurisdiction to try the case or render judgment therein and such defect may not be cured or waived, and where the justice makes an amendment or proper certificate after judgment, the same cannot relate back to give

validity to the prior judgment, although after a proper certifi-
cate has been made the court has jurisdiction and may then pro-
ceed to try the case again.

APPEAL from the circuit court of Forest county.
HON. R. S. HALL, Judge.

Suit by Jake Pellman against certain parties in
justice court. Judgment was rendered for plaintiff
and defendants appealed to the circuit court, where a
judgment was again rendered for plaintiff, against the
said defendant and A. J. Xydias as surety on the
appeal bonds, and the surety moved to quash the exe-
cution and set aside the judgment; from the overruling
of the motion the surety appeals.

The facts are fully stated in the opinion of the court.

*T. C. Hannah,* for appellant.

When this case was tried in the circuit court at the
January, 1919, term, the circuit court was without
jurisdiction to try the case and render judgment. There
was nothing before the court except the original papers
in the justice court, with a cost bill bearing the
usual certificate as to the correctness of said cost
bill.

This court in the case of *Rodgers* v. *City of Hatties-
burg,* 99 Miss. 639, 55 So. 481, says: "The want of such
a certified copy is not a defect which may be cured or
waived. It is jurisdictional. Without it the circuit
court cannot proceed with the case. It is without
jurisdiction and on appeal to this court there is no
jurisdiction here. The question of jurisdiction can be
raised at any time." In support of this holding
there is cited in the above opinion *Ruff* v. *Montgomery,*
83 Miss. 184, 35 So. 465; and *Bal* v. *Sledge,* 83 Miss.
747, 35 So. 214; *Gardner* v. *Railroad Company,* 78 Miss.
640, 29 So. 469; *McPhail* v. *Glann,* 47 So. 666; *City.*

26. 121—Miss.

of *Greenwood* v. *Weaver*, 50 So. 981; *Allen* v. *State*, 53 So. 498. The same doctrine has later been announced and approved in the case of *Cawthorn* v. *State*, 57 So. 224.

A judgment having been rendered when the court was without jurisdiction is absolutely null and void. The appellant here proceeded to quash the execution and vacate the judgment in the manner expressly approved by this court in the case of *Kramer* v. *Holster*, 55 Miss. 243.

We respectfully submit that the trial court erred in overruling the motions of the appellant there and that this case should be reversed because of said error. We further respectfully submit that the trial court erred in sustaining the motion of the appellee to permit the justice of the peace to make the amendment shown by the record and to hold the original judgment rendered in this cause valid.

I do not want to be understood as contending that this record could not be amended. I, of course, admit that it was proper for the justice if the peace to supply the missing certificate. I do contend, however, that, in the first place, the amendment made in this matter was improper and unauthorized because there had never been any attempt to file the certificate required by the statute and there was, consequently, nothing to amend; and in the second place, that, when the amendment was made, it could not relate back so as to impart validity to a judgment that was absolutely null and void for the want of jurisdiction.

Section 64, Hemingway's Code (section 84, Code of 1906) provides the form of certificate as follows: "Copy of the record of the proceedings before a justice of the peace of —— county in district No. —— of said county, in the case therein set forth, to wit: (Here copy the entries on the docket, and certify as follows, viz.:) "State of Mississippi, —— county:

"I, ——, a justice of the peace of the said county, certify that the foregoing is a copy of the record of the proceedings before me in the case stated therein, as appears on my docket.

"Given under my hand, this the —— day of ——, A. D. ——.  —— J. D."

An examination of this record and especially the cost bill and testimony of H. C. Greer, reveals the fact that there was no effort made to comply with this section. No certificate of any kind, except that accompanying the cost bill, was filed in the circuit court.

Consequently, the only way in which this defect could be supplied was for the justice of the peace to come into the circuit court and supplement his record by attaching to it a certificate in accordance with the statute. The method adopted, I submit, was absolutely futile because it was an attempt to supply by amendment something that had never existed. Amendments cannot be allowed except where there has been some original attempt to supply the matter that is to be amended.

In 31 Cyc., page 302, it is said: "4. Necessity for something to amend by. In general, before an amendment will be allowed as to a matter of form, there must be something to amend by, that is, there must be something in the record to show that what is sought by the amendment was originally designed, but has been omitted through mistake or oversight."

A further analysis of the record shows that the only certificate that accompanied this record was in the following words: "I certify that the above is a true bill of costs."

It will be observed that the foregoing certificate is not an attempt to provide the certificate required by section 664 of Hemingway's Code, but that it is simply a certificate as to the correctness of the cost bill. In

other words, there had never been an attempt on the part of the justice of the peace to provide the certificate required by the code and there was consequently no certificate in the record to amend. The only manner by which the requirements of the Code could be met was by the justice of peace preparing an entirely new certificate and attaching it to the original papers with leave of the court. But even granting that the amendment as made was the proper method of supplying the defect, and granting that the certificate to the bill of costs afforded the basis of an amendment, I respectfully submit that the certificate as amended does not meet the statutory requirements. The certificate that now accompanies this record is in the following language: "I certify that the above is a true copy of the proceedings in the above cause, a true bill of costs." It will be observed that this certificate does not meet the requirements of the statute. The justice of the peace, according to .the statute, must copy the entries appearing on his docket and then certify, "that the foregoing is a copy of the record of the proceedings," etc. The certificate in the record in this case does not show any docket entries; does not show that it is a copy of the record, but merely shows, that the above is a true copy of the proceedings."

In *Hughston* v. *Cornish,* 59 Miss. 372, this court says: "Every justice of the peace shall keep a well-bound book, styled 'A docket,' in which he shall enter all the proceedings before him in every case. Code 1880, section 2193. That is the record of a case required to be made by the justice of the peace; his "minutes" to serve .as a memorial of his proceedings in cases civil and criminal. It is this record that the justice is to transmit a copy to the clerk of the circuit court, when an appeal is taken from his decision. Code, 1880, pp. 2241, 2353, 2357."

I therefore submit that the certificate now in this record is fatally defective because there is nothing to show any docket entries from the justice of the peace and the certificate fails to show that it is a copy of the record, but merely shows that it is a copy of the proceedings.

But, even granting for the sake of argument that the certificate that accompanied the cost bill afforded a predicate for the amendment, and granting that the amendment has been properly made, can this amendment operate to give life and vitality to a judgment that was rendered at a time when the circuit court had no jurisdiction in the matter? I respectfully submit this case was a pending cause in the circuit court and that the circuit court had no jurisdiction to render a judgment, because of the lack of this certificate. that when the certificate was supplied, that the case should have proceeded to trial *de novo*.

Suppose that a suit is filed in the circuit court and the sheriff receives process for the defendant and returns the same into court without having served it or making any return whatever thereon; that at the return term of court, judgment is rendered by default against the defendant, and execution is issued and a motion is made to quash the execution and vacate the judgment; that thereupon the sheriff proceeds and serves the summons on the defendant and makes a return showing the service of process long after the judgment has been rendered. I submit that there is just as much reason for holding that this service of process and the return thereon relates back so as to sustain the jurisdiction of the court and render the judgment valid as there is for holding that the amendment made in this case relates back so as to give vitality to the judgment rendered at the former term of court in this cause. Manifestly under the almost uniform holding of this court, the judgment that was

rendered against the appellant here was absolutely void. The execution issued thereon was null and void. The motions made by this appellant should have been sustained and the motion made by the appellee to amend and correct his record should have been overruled.

Because of the errors committed by the trial court, I respectfully submit that this case should be reversed and remanded.

*Tally & Mayson,* for appellee.

The facts are about as stated. The appellant was not a defendant in the justice court, but became connected with the litigation by becoming surety on the appeal bond by which the case was removed to the circuit court. The execution of the appeal bond operated as a *supersedeas* of the judgment. Code of 19066, section 83, Hemingway's code, section 63.

When the record was sent to the circuit court together with the appeal bond, the court at least had jurisdiction to dismiss the appeal and render judgment on the appeal bond. *Pass* v. *Payne, et al.,* 63 Miss. 239; *Jacob* v. *Johnson,* 84 Miss. 450, 36 So. 544.

The bond was conditioned for the payment of such judgment as the circuit court might render. Code of 1906, section 83; Hemingway's Code, section 63. If then, the appeal could have been dismissed on motion of appellee in the circuit court, it was mere surplusage to have the jury pass on it. Under well-settled principles, the dismissal of an appeal operates as an affirmance of the judgment appealed from. *Pass* v. *Payne et al.,* 63 Miss. 239; *Jacobs* v. *Johnson,* 84 Miss. 450, 36 So. 544; *Howell* v. *Alma Milling Co.,* 38 American State· Report, 694, and note at page 708; *Woodle* v. *Settlemyer,* L. R. A. 1915A, 839.

In the event it is necessary for the record to have the justice's certificate attached, it is a sufficient com-

pliance with the statute to permit him to amend in the circuit court, as was done in this case. *Scudder-Gale Grocery Co.* v. *Rienzi Grocery Company,* 81 So. 122.

It is to be borne in mind that the appellant here was appellant in the circuit court and it behooved him to see that a perfect record was presented in that tribunal. We respectfully submit that he cannot now complain of the judgment rendered against him.

SYKES, J., delivered the opinion of the court.

The appellee, plaintiff in the lower court, filed suit against two parties in a justice of the peace court of Forest county . Judgment was rendered in favor of the plaintiff, and the defendants prosecuted an appeal to the circuit court. The appellant, A. J. Xydias, was one of the sureties on the defendants' appeal bond. The justice of the peace transmitted the papers to the circuit clerk, but failed to attach his certificate of the record as required by section 64 of Hemingway's Code (section 84, Code of 1906). The case was tried in the circuit court. A judgment was again rendered in favor of the plaintiff and against the defendants and this surety on the appeal bond. Subsequent to the adjournment of this term of court an execution was issued on this judgment. The appellant filed a motion in the circuit court to quash this execution, and also filed a motion to vacate and set aside the judgment against him in the circuit court, because of the want of jurisdiction in the circuit court to render this judgment. At the hearing of these motions of the appellant the justice of the peace who originally tried the case testified that the papers sent up by him were the original papers in the suit, and, over the objection of appellant, was allowed to certify to the papers in accordance with the above section of the Code. This certificate was made on his bill of costs. This certificate, while not exactly in accordance with the wording

of the above section of the Code, is a substantial compliance with the same. The two motions of the appellant were then overruled by the circuit court and appellant appealed therefrom.

This court has repeatedly held that, where a justice of the peace has failed to certify his record as required by section 84, Code of 1906 (section 64, Hemingway's Code), the circuit court is without jurisdiction to try the case or render judgment therein. *Ruff* v. *Montgomery,* 83 Miss. 184, 35 So. 465; *Ball* v. *Sledge,* 82 Miss. 747, 35 So. 214; *Gardner* v. *Railroad,* 78 Miss. 640, 29 So. 469; *McPhail* v. *Blann,* 47 So. 666; *City of Greenwood* v. *Weaver,* 96 Miss. 604, 50 So. 981; *Allen* v. *State,* 98 Miss. 192, 53 So. 498; *Cawthon* v. *State,* 100 Miss. 834, 57 So. 224. This court has also held that the want of such a certified copy is not a defect which may be cured or waived, that it is jurisdictional, and that without this certificate the circuit court cannot proceed with the case. *Rodgers* v. *City of Hattiesburg,* 99 Miss. 639, 55 So. 481.

The circuit court being without jurisdiction to render judgment against this appellant, because of the failure of the justice of the peace to properly certify his record to the circuit court, it necessarily follows that the amended or proper certificate of the justice of the peace, made after the rendition of the judgment, could in no wise relate back to the time of the rendition of the judgment and give the circuit court jurisdiction at that time. It could have no such retroactive effect. The appellant's course in making these motions was proper, and both motions should have been sustained. *Kramer* v. *Holster,* 55 Miss. 243.

The proper certificate now having been made by the justice of the peace, the circuit court now has jurisdiction to try this cause, and it stands as a pending cause in that court.

*Reversed and remanded.*

STEVENS, J. (dissenting).

The opinion of the court in this case is apparently justified by precedent, but the result reached so wounds my feelings of justice that I am compelled to withhold my assent. "That codeless myriad of precedent, that wilderness of single instances," has driven the court to a result that is wrong. The conclusion reached by the court, not only attempts to follow precedent, but, in my judgment, carries the force and effect of precedent a step too far. It will be observed that the court is now holding that a judgment rendered by the circuit court is absolutely void because of the fact, and the one fact alone, that the certificate of the justice of the peace in transmitting the record to the circuit court was a defective certificate. It will be observed, further, that the defendants, who lost the case in the justice court, themselves prosecuted the appeal to the circuit court, and the duty was upon them to perfect the record. Instead of perfecting the record, and having the justice of the peace attach a valid certificate, they went to trial in the circuit court without objection, lost their case, and prosecuted no direct appeal to this court. They waited until the sheriff attempted to execute this judgment before raising any question as to the infirmity of the record. It affirmatively appears that there was an appeal bond approved by the justice of the peace, and there was a substantial record of some kind in the circuit court. There is no suggestion or contention that no appeal bond was given and that no record was before the circuit court. It is merely a case of an imperfect certificate to the record.

In a great many of the cases in which this point has been relied upon it affirmatively appeared that there was no appeal bond and no record of any kind. In other cases heretofore disposed of by our court, an objection was made in the circuit court based upon the

improper record. In all of the cases heretofore adjudicated the question was presented to this court on direct appeal. This is the first case in which the judgment has been attacked collaterally, on the ground that the circuit court was absolutely without jurisdiction, and consequently that the judgment rendered by the circuit court was void. There is language of this court in *Rogers* v. *City of Hattiesburg*, 99 Miss. 639, 55 So. 481, which justifies such holding. But the Rogers' Case presented a direct appeal to this court. In the case at bar there has been no direct appeal from the judgment complained of, but, as stated, a collateral attack is made upon this judgment. This, in my judgment, is carrying the question of jurisdiction beyond any adjudicated case, and giving to an alleged want of jurisdiction a far-reaching and dangerous result.

I have been taught that a valid appeal bond in accordance with the statute confers jurisdiction. Jurisdiction in the case at bar is made to turn, not only upon the presence of a record, but a perfect record. I do not dissent from the general proposition that a time and a place to make the complaint. In prosecuting defective record can be complained of, but there is an appeal from the circuit court to the supreme court, it is the valid appeal that confers jurisdiction, and it frequently happens that this court dockets and dismisses appeals where there is absolutely no record at all. I am afraid the court has confused technical jurisdiction and a fundamental defect in pleading and practice. All the text-writers and adjudicated cases hold that a final judgment, unappealed from, cannot be collaterally attacked as void, where the court had jurisdiction of the person and the subject-matter.

In the case at bar the parties were present before the court and tried their case, so undoubtedly the court had jurisdiction over the person. I prefer the view that the court had jurisdiction of the subject-

matter. There was an actual trial, a real issue, and all based upon a substantial record. Suppose it were a criminal case, and the defendant was convicted, and had accepted the final judgment of the circuit court and had worked out his sentence at hard labor. The result which the court has reached would deny such an accused the benefit of a former adjudication, in event he were indicted for the same crime for which he had been tried, convicted, and suffered. "*Summum jus, summa injuria.*"