HYDE, Appellant, v. GEARHART, et al., Respondents.

(183 N. W. 114.)

(File No. 4786. Opinion filed June 2, 1921.)

1. **Judgments—Mutual Set-off, Good Faith Assignment of One Party's Judgment, Effect Re Set-offs.**

   Where a judgment against plaintiff, against which the latter sought to set-off judgments in his favor against first mentioned judgment, was in good faith assigned to another party before plaintiff's judgments were recovered, it was not the subject of a set-off between the parties; and the evidence warrants trial court's conclusion that the assignment was in good faith and for valuable consideration.

2. **Same—Assignment of, Clerk's Entry in Judgment Book as Notice of—Notice in Fact—Statutes.**

   The entry by clerk of courts in the judgment book, noting the filing of an assignment of a judgment under Sec. 2576, Code 1919, is one method of notice of the assignment to the judgment debtor. So held, in view of said section and of Sec. 2307, providing in part that in case of an assignment of a thing in action, the action by assignee shall be without prejudice to any set-off or other defense existing at the time of or before notice of the assignment. Held, further, that the judgment defendant had notice of the assignment, it appearing that at the time he attempted to prevent the filing thereof.

   Smith, J., concurring specially.

Appeal from Circuit Court, Hughes County. Hon. JOHN F. HUGHES, Judge.

Action by Charles L. Hyde against Napoleon B. Gearhart and others, for the purpose of off-setting alleged mutual judgments in favor of plaintiff against a judgment rendered in favor of defendant N. B. Gearhart against the present plaintiff. From a judgment for defendants, and from an order denying a new trial, plaintiff appeals. Affirmed.

*John A. Holmes,* for Appellant.

*Gaffy, Stephens & McNamee,* for Respondents.

(1). To point one of the opinion, Respondents cited:

Churchill & Alden Co. v. Ramsey (S. D.,) 172 N. W. 779; Ames v. Bates, 119 Mass. 397.

(2) To point two, Appellant cited: Sec. 2307, Code 1919; 17 Am. & Eng. Enc. of Law (2nd ed.) 884; Empire Land Co. v. Engly, 18 Colo. 388.

McCOY, J. This action was instituted for the purpose of off-setting certain alleged mutual judgments in favor of plaintiff against a certain judgment rendered in favor of defendant N. B. Gearhart against this plaintiff. Findings and judgment were in favor of defendants, and plaintiff appeals.

[1] The sufficiency of the findings to support the judgment is raised by the assignments of error. From the record it appears that the judgment in favor of N. B. Gearhart was rendered, entered, and docketed in the circuit court, on the 24th day of August, 1915; that on the 25th day of August, the said judgment was assigned by said N. B. Gearhart to the respondent Nettie B. Gearhart, which said assignment was on that day filed and a note thereof entered on the judgment book. Thereafter the said Nettie B. Gearhart assigned said judgment to the respondent First National Bank. On the 19th day of November, 1915, the appellant recovered a judgment in the circuit court against said N. B. Gearhart, and on the 17th day of December, 1917, plaintiff also recovered another judgment against said N. B. Gearhart. These last two mentioned judgments in favor of appellant, by this action, are sought to be offset against the said judgment in favor of said N. B. Gearhart. Appellant contends that said assignment of judgment to Nettie B. Gearhart was fraudulent and without consideration and colorable only, and made for the purpose of defeating plaintiff's right to offset his said judgments. The trial court found that said assignment to the respondent Nettie B. Gearhart was made in good faith and for a valuable consideration, and that by virtue thereof the appellant had no right to offset his said judgments. The findings of fact show that the conclusion of the trial court as expressed in said findings was based upon sufficient and competent testimony.

[2] Appellant also contends that under the provisions of sections 2307 and 2575, Code 1919, no effective assignment of said judgment was ever made to the said Nettie B. Gearhart, in that no notice thereof was ever given to appellant. We are of

the opinion, however, that appellant had notice of such assignment. About the time said assignment was made, appellant sought to prevent the filing thereof. The entry in the judgment book noting the filing of said assignment was one method of notice thereof to appellant. 15 R. C. L. 777. It clearly appears from the record that at the time the said assignment of said judgment was made to Nettie B. Gearhart, appellant had no judgment against N. B. Gearhart, which was or might have been the subject of then being offset against the said judgment in favor of N. B. Gearhart. We are of the opinion that the findings of the trial court were sufficient to sustain the judgment.

The judgment and order appealed from are affirmed.

SMITH, J. (concurring.) Appellant in his brief concedes that—

"This case must necessarily turn upon the faith which will be given by the Supreme Court to the two pretended assignments of the two judgments."

And his contention is "that each of them is absolutely void and of no legal effect."

It is perfectly clear that the assignments are in legal form and properly executed.

Appellant's real contention is that the assignments were colorable and fraudulent, and made with intent to defeat the enforcement of appellant's judgments. The issue of fact thus joined was primarily for the trial court. There is no assignment of error as to insufficiency of evidence which is absolutely necessary to permit this court to consider or review the evidence. Therefore the finding of the trial court that the assignment of the judgment to respondent's wife was for value, and was not made with intent to defraud appellant, is binding and conclusive upon this court. And while it is true that a fraudulent assignee of a judgment takes subject to the right of set-off of an existing judgment (Russell v. Conway, 11 Cal. 93; Hurst v. Sheets, 14 Iowa, 322,) yet an honest assignee of a judgment for value is not subject to a right of set-off of a cross-judgment entered subsequently to such assignment. Wyvell v. Barwise, 43 Minn. 171, 45 N. W. 11; Ledyard v. Phillips, 58 Mich. 204, 24 N. W. 551.

The questions of fraudulent intent of Napoleon B. Gearhart,

and of actual value for the asignments, being conclusively settled by the findings of the trial court, we cannot do otherwise than affirm the judgment.