BOLEY, appellant, *v.* GRISWOLD, respondent.

PLEADING — *repugnant facts not admitted by demurrer.* B. alleged in his complaint that G. is "utterly insolvent," and that the sheriff, if he is not enjoined by the court, will pay G. the amount of his judgment against B., over $7,500. G. filed a demurrer. *Held,* that the demurrer admits the facts, which are pleaded correctly in the complaint, but does not admit the legal conclusions therein stated. *Held,* also, that the first allegation is repugnant to the last, and that the demurrer does not admit that G. is 'utterly insolvent."

CASE AFFIRMED. The case of *Griswold* v. *Boley*, 1 Mon. 545, holding that the property of a married woman is freed from the debts of her husband, when her list of the same has been recorded according to law, affirmed.

MARRIED WOMEN — *descent of property.* The wife of G. owned, as her separate property, a judgment which she recovered against B. This action was commenced after her decease. *Held,* that the property descended to her kindred, and that G. is not entitled to the same until her estate has been administered upon and settled.

INJUNCTION — *not granted on application of a party who has not used diligence.* The wife of G. recovered her judgment against B., November 10, 1870. In this month B. filed a motion to retax the costs, which is pending, and also motions to revive two judgments against G., which are pending. About five years afterward, B. commenced this action, and prays for an injunction to restrain the sheriff from selling property to satisfy this judgment until these motions have been heard and determined. *Held,* that B. did not use reasonable diligence to secure the determination of his motions, and that he was not entitled to an injunction. *Held,* also, that B. has a

legal remedy in the statutory proceedings supplementary to execution, if the judgments against G. are revived and G. receives from the officer the amount of the judgment against B.

EXECUTION — *supplementary proceedings.* The enforcement of the Civil Practice Act, relating to proceedings supplementary to an execution, will aid a party to recover money from a debtor who has property in his possession.

*Appeal from Third District, Lewis and Clarke County.*

THE judgment was rendered by WADE, J.

JOHNSTON & TOOLE, for appellant.

The common law of England has been adopted by this Territory, and is the rule of decision if it is not in conflict with special enactments. Cod. Sts. 388, § 1.

At common law, a married woman could not hold personal property. If she had this right in Montana, it must have been conferred expressly by statute. There is no law of this kind, and such property coming to the wife after marriage becomes the property of her husband. Tyler on Inf. and Cov. 211, *et seq.* The legislature has not removed this disability from married women, and authorized her to receive property in her own right as " if she were a *feme sole.*"

A certain character of property of the wife has been exempted from execution and attachment on account of the husband's debts. Cod. Sts. 521, § 1; *Griswold* v. *Boley*, 1 Mon. 545. She held and owned it to no greater extent, and could invoke no other remedy. Under the statutes of Montana, a married woman has the personal right to prevent such property from being taken for her husband's debts. The power to own and hold is a condition precedent to the right to dispose of. The legislature has not given this power to married women. Mrs. Griswold had no property which she could devise or transfer. Her rights in the property ceased upon her death.

An innovation of the doctrine of the common law will not be adopted unless the statute is plain and explicit in its terms. 9 Bacon's Abr. 245; 1 Kent's Com. 505; *Wadhams* v. *American H. M. S.*, 12 N. Y. 415; *Middlebrooks* v. *Springfield F. I. Co.*, 14 Conn. 304.

Mrs. Griswold could have no creditors as she could make no contracts. No administration of her estate would be necessary. Tyler on Inf. and Cov. 313; *Ransom* v. *Nichols*, 22 N. Y. 110; *Westervelt* v. *Gregg*, 12 id. 202.

The legislature cannot deprive the husband of the property of the wife and make it her sole and separate property.

If the judgment against appellants is a proper subject of set-off and Griswold is insolvent, a stay in equity should be had until the issues are tried. The property should be preserved that justice may not be defeated. 1 Sto. Eq. 211, 676; *Clute* v. *Potter*, 37 Barb. 199; *Hamel* v. *Grimm*, 10 Abb. Pr. 150; *Erie R. Co.* v. *Ramsey*, 45 N. Y. 637.

The facts stated in the complaint are to be considered as proved upon this hearing.

W. F. SANDERS, SHOBER & LOWRY and CHUMASERO & CHADWICK, for respondents.

The points made by the appellants have been settled in this Territory in *Griswold* v. *Boley*. There is only one question to be considered, the ownership of the judgment in *Griswold* v. *Boley*. It belonged to Mrs. Griswold. Her husband could have no interest in the same until her estate had been administered upon. The property of the married woman is, after her death, a trust for the payment of her debts. Schouler on Dom. Rel. 196–205; *Curtis* v. *Engle*, 2 Sandf. Ch. 317; *Am. Coal Co.* v. *Dyett*, 7 Paige, 14. The decisions in New York, before the adoption of the Code, were made under the common law. No set-off could be allowed before the estate of Mrs. Griswold had been settled. *Stoddard* v. *Butler*, 20 Wend. 520; Cod. Sts. 361, § 252.

BLAKE, J. This is an action brought by the appellants to restrain the collection of an execution until certain issues at law have been heard and determined. The court below sustained the demurrers of the respondents to the complaint and its amendments, and judgment was rendered upon these pleadings for the respondents. In discussing the questions which have been argued by counsel, we must examine carefully the allegations of the complaint according to the established rules. The demurrer neces-

sarily admits the truth of the facts stated in the complaint, so far as they are relevant and well pleaded; but it does not admit the conclusions of law drawn therefrom, although they are alleged. In an exact equipoise, the construction should be against the pleader. Sto. Eq. Pl., §§ 452, 452 a; 1 Danl. Ch. Pr. 566.

Hall and Miller, two of the appellants, recovered August 3, 1870, a judgment against Griswold for $987.75 damages, and $476.09 costs. On September 3, 1870, an execution was placed in the hands of the appellant Boley, then the sheriff of Jefferson county, who sold, as the property of Griswold, a sufficient amount to satisfy the judgment. The officer returned the execution satisfied, according to law. In another action, a deficiency judgment was entered September 14, 1870, in favor of Hall and Miller, and against Griswold, for $1,442.71. In the same month, an execution was placed in the hands of Boley, as said sheriff, who sold, as the property of Griswold, a sufficient amount to satisfy the judgment and costs, excepting the sum of $208.55. The officer returned this execution partially satisfied. Afterward, Sarah M. Griswold, the wife of the respondent Griswold, commenced an action to recover the property sold by the sheriff, or its value, and damages for its detention, and obtained, November 10, 1870, a judgment against the appellants, Boley, Hall and Miller, for $3,800, and costs. The amount of the costs claimed in the memorandum, which was filed by Mrs Griswold, is $1,200. Boley, Hall and Miller filed a motion to retax the costs which is pending, and appealed from the judgment that was entered against them. The appellants have filed motions to set aside the returns of the sheriff upon the executions against Griswold, and revive the judgments under which they were issued, and the motions are pending. Mrs. Griswold died before the appeal from the judgment in her favor had been determined. A remittitur on the appeal has been obtained, and an execution has been placed in the hands of the respondent, Bullock, the sheriff of Lewis and Clarke county, for the purpose of satisfying the judgment and costs in the action commenced by Mrs. Griswold. Bullock has levied upon the property of Hall and Miller and threatens to sell the same under the execution.

The appellants pray that the judgment, which was rendered for Mrs. Griswold, may be set off by the judgments recovered by Hall and Miller against Griswold; that the respondents be enjoined from enforcing the execution in the hands of the sheriff, Bullock, until the motions filed by the appellants have been heard and decided; and that appellants may be permitted to pay into court the amount which may be found due to the respondents upon the final determination of this action.

The appellants can have no standing in a court of equity until some of the motions, which are pending, have been determined in their favor and one of the judgments against Griswold has been revived. In *Duncan* v. *Lyon*, 3 Johns. Ch. 359, Chancellor KENT says: "To authorize a set-off, the debts must be between the parties in their own right, and must be of the same kind or quality, and be clearly ascertained or liquidated. They must be certain and determinate debts." This doctrine is supported by the authorities. *Holden* v. *Gilbert*, 7 Paige, 208; *Harris* v. *Palmer*, 5 Barb. 106; *Miller* v. *Gilman*, 7 Cowen, 469; 2 Sto. Eq. Jur., § 1439, and notes; Kerr on Injunc. 65; *Wells* v. *Clarkson*, *ante*, 230, 379. It has been held that, to a judgment, there can be no set-off of a debt which is not in a judgment; and the judgment must be a subsisting and unsatisfied claim, and the right of the party applying for this remedy must be free from doubt. Waterman on Set-off, §§ 322, 324, 329 and cases there cited.

The appellants rely upon two facts to procure the injunction restraining the collection of the execution against them, and one of the material allegations of the complaint is that Griswold is "utterly insolvent." We think that the complaint states facts regarding this subject which are inconsistent with each other. It is a well-settled rule that the demurrers of the respondents do not admit matters of law or of fact which are repugnant to each other. 1 Danl. Ch. Pr. 567; Sto. Eq. Pl., § 656. The complaint also alleges that Griswold is the sole and exclusive owner of the judgment recovered by Mrs. Griswold, that Mrs. Griswold died and owed no debts, that Griswold has paid all the demands against her estate, and that the sheriff, Bullock, will pay to Griswold the amount of this judgment and the costs, if he is not enjoined by the court. It appears that the amount of the judgment, costs and interest ex-

ceeds $7,500. Can the appellants aver that Griswold is " utterly insolvent," when they pray that he may be restrained from collecting over $7,500, on which there is no incumbrance? A court cannot tolerate this conduct by the parties that are seeking equitable relief. Under the authorities which have been cited we must disregard the allegation of the appellants that Griswold is " utterly insolvent," and deny the prayer for any relief which could be granted on this ground.

The other fact which the appellants must establish in this action is, that Griswold is the owner of the judgment which belonged to his wife before her decease. The complaint does not state with certainty the means by which Griswold became entitled to this property. Mrs. Griswold died intestate, and there has been no administration upon her estate, and Griswold did not acquire the judgment by purchase, gift or devise. The appellants maintain that this judgment and all rights under it vested in Griswold upon the decease of his wife according to the common law. The question has been settled by this court in the appeal, which has been referred to. *Griswold* v. *Boley*, 1 Mon. 545 ; S. C., 20 Wall. 486. In the opinion, Mr. Chief Justice WADE says: " When a list of the separate property of the wife is recorded, as required by the statute, it is entirely freed from the debts of the husband as fully and completely as if the marriage relation did not exist. When the statute is complied with its prohibition is absolute." The court decided that Mrs. Griswold had taken the proper steps to protect her property under the laws of the Territory. Upon her decease her real and personal estate would descend and be distributed to her kindred in the course defined in the statutes. Cod. Sts. 361, § 252. Griswold is not entitled to the property of his deceased wife until her estate has been administered upon and a final settlement has been made in the probate court. At the present time it does not appear that the appellants can maintain this action, because we are satisfied that Griswold did not have a personal title to the judgment against them.

But if we assume that Griswold is the owner and possessor of this judgment, what are the rights of the appellants in this proceeding? Hall and Miller filed the motions to revive their judgments against Griswold, and retax the costs in the suit brought

against them by Mrs. Griswold in 1870, about five years before the commencement of this action. The amount which might have been affected by these motions appears to exceed $6,300. During this period the appellants made no effort to secure the trial and adjudication of these matters and they remain undecided. The justices of this court appoint and fix the times and places of holding the district courts by virtue of the fourth section of the amendment to the Organic Act. We must take judicial notice of the terms at which these motions could have been heard and determined. 1 Greenl. Ev., § 6. The appellants have postponed the consideration of these questions, and offer no explanation for this delay or refusal to obtain a final decision of matters which affect so vitally their interests. We know of no reason why these motions should not have been granted or refused before this action was commenced, if the appellants had asked for a hearing.

Upon what grounds are the appellants entitled to enjoin the sheriff from enforcing the execution against their property until the motions can be passed upon ? Lord CAMDEN says that nothing can call forth a court of equity "into activity but conscience, good faith and reasonable diligence. Where these are wanting, the court is passive and does nothing. Laches and neglect are always discountenanced." 2 Sto. Eq. Jur., § 1520, n. 3. Have the appellants exhibited the "conscience, good faith and reasonable diligence" in the prosecution of their rights which the circumstances of the case demanded ? A court of equity will not interfere by injunction to restrain a party from executing his judgment, unless the injured party has been prevented by fraud or accident, unmixed with any fault or negligence in himself or his agents, from availing himself of the facts in a court of law, which prove it to be against conscience to enforce the judgment. 2 Sto. Eq. Jur., §§ 882, 887; *Duncan* v. *Lyon, supra.* The appellants have been guilty of negligence in the proceedings which have been described, and the court rightly denied their prayer for an injunction to cause further delay. *Upton* v. *Tribilcock,* 91 S. C. 55, and cases there cited.

If the judgments against Griswold are revived by the appellants they cannot allege that they are "utterly remediless." The chapter of the Civil Practice Act regulating proceedings supplemen-

tary to execution, points out the manner of collecting the judgments against Griswold, if the regular process is not satisfied, and Griswold receives the amount of the execution in the hands of the officer, Bullock.

*Judgment affirmed.*