## DAVIS, respondent, *v.* FREDERICK, appellant.

SET-OFF AND COUNTER-CLAIM — *Action in tort* — *Counter-claim on account* — *Demurrable.*— An action brought to recover damages for the wrongful issuance of an execution upon a judgment previously recovered against plaintiff by defendant, but alleged by him to have been satisfied, and on account of the levy of such execution upon money of

the plaintiff in the hands of the sheriff is founded in tort, and the fact that plaintiff claims judgment only for the amount seized, with interest, does not alter its nature, and defendant cannot, under the Montana statutes, set up in his answer, by way of counter-claim, an indebtedness to her of the plaintiff upon an account.

SAME — *Evidence — Payment of a judgment.*— In such a case, where defendant in his answer denies the payment of the judgment in respect of which the wrongful execution was issued, and the record shows that a certain sum had been paid to defendant's attorneys to be applied on the judgment (which purported to be a balance), and in full thereof, evidence is admissible to show that certain amounts of money had been paid to defendant's attorneys to be applied on such judgment. .

*Appeal from First District, Gallatin County.*

HENRY N. BLAKE, for the appellant.

CHUMASERO & McCUTCHEON and VIVION & SHELTON, for the respondent.

GALBRAITH, J.   The respondent in this case brought his action to recover on account of the wrongful issuance of an execution upon a judgment previously recovered by the appellant against the respondent and another, and which the respondent alleges had been satisfied before the execution was issued, and the levy of such execution upon the property of the respondent, the same being money in the hands of the sheriff, and the payment thereof to the appellant upon the execution.   The answer, after denying the allegations of the complaint, sets up a counter-claim, alleging an indebtedness from the respondent to appellant, upon an account.   The appellant demurred to this counter-claim, which demurrer was sustained, and this action of the court is assigned as error.   The court evidently sustained the demurrer upon the ground that, the complaint having alleged a tort, the appellant could not set up a cause of action arising upon contract, which is in the nature of an account, as a counter-claim.

Our statute upon this subject is as follows: "The answer of the defendant shall contain  .  .  .  *second,* a statement

of any new matter constituting a defense or counter-claim.
. . . The counter-claim . . . shall be, *first,* . . .
a cause of action arising out of the transaction set forth in
the complaint or answer as the foundation of the plaintiff's
claim or defendant's defense, or connected with the subject
of the action; *second,* in an action arising upon contract,
any other cause of action arising also upon contract, and
existing at the commencement of the action." Code Civil
Proc. § 87.

The complaint sets forth an action in tort. The action
was brought for the wrongful issuance of the execution,
and the complaint set forth the facts which constituted such
wrongful act. The cause of action set forth in the com-
plaint being in tort, the counter-claim, being on an account,
did not certainly arise out of this. The subject of the action
was the money seized under the execution, and paid to the
appellant. The counter-claim cannot be said to be connected
with the subject of the action. The cause of action being
in tort, the counter-claim does not come within the second
provision above set forth. It is true, the respondent might
have waived the wrongful issuance of the execution, and
brought his action upon the implied contract to repay the
money wrongfully seized and paid over under the execu-
tion, or, as the expression would have been before the adop-
tion of the code, waived the tort, and sued in *assumpsit;*
but this is not a question of what might have been done,
but of what, in fact, was done. We must take the pleadings
as we find them. When the respondent chose to rely upon
the tort, we cannot say that the cause of action was a con-
tract. We do not think this was the kind of a contract in-
tended by the above provision of the code, but that it
intends a cause of action arising *ex contractu,* and not *ex
delicto,* which was the character of action set forth in the
complaint in this case. It is argued that, because the re-
spondent only claimed a judgment for the amount seized
and paid over, with interest, that this constitutes it an ac-
tion on contract. We do not think so. Under the facts

alleged, this is all he would be entitled to as damages. The demurrer was properly sustained.

The second error alleged and relied upon is as to the introduction of certain testimony upon the trial of the case. Certain witnesses testified, against the objection of the appellant, that certain amounts of money had been paid to the attorneys of the appellant, to be applied upon the judgment upon which the alleged wrongful execution was issued. The objection was that this testimony was "irrelevant, and contradicted the allegations of the complaint." The allegation of the complaint was "that on the 24th day of April, 1882, this plaintiff fully paid and satisfied the said judgment by paying to Messrs. Johnson & Toole and Shober & Lowry the full amount thereof, principal, interest, and costs, at that time due and unpaid thereon." This was denied by the answer. The record shows the receipt, by the above named attorneys, of a certain sum of money to be applied on the judgment, which purported to be a balance and in full thereof. It was necessary, by reason of the above issue, to show that the judgment was satisfied, and this testimony of prior payments of money on the judgment was relevant and admissible for this purpose.

This disposes of all the errors alleged. The judgment is affirmed, with costs.

WADE, C. J., and BACH, J., concur.