McCORMICK, Respondent, v. RIDDLE et al. Appellants.

Pleading—*Conclusion of law—Injunction.*—An allegation in a complaint that an act complained of will result in great and irreparable injury and damage to the plaintiff is a conclusion of law, and is not admitted by a failure to deny. To warrant an injunction in such case it must appear from the facts stated that such injury will result unless the complainant is protected. (*Boley* v. *Griswold*, 2 Mont. 447, cited.)

Injunction—*Judicial sale—Judgments.*—Injunction will not lie to restrain a sale of lands by a sheriff, under a decree foreclosing a mechanic's lien, at the suit of one who was not a party to the action wherein such decree was obtained, for as to such person the decree and all proceedings under it would be void. (*Chumasero* v. *Vial*, 3 Mont. 376; *Story* v. *Black*, 5 Mont. 26, approved.)

*Appeal from Fourth Judicial District, Missoula County.*

Judgment was rendered for plaintiff below by Marshall, J.

*W. M. Bickford,* for Appellants.

No grounds for an injunction are stated. The court should not restrain a sale of property under execution unless in cases of fraud or gross injustice. And no fraud or injustice is alleged in the complaint. (High on Injunctions, § 367, and cases cited in n. 1; *Tevis* v. *Ellis*, 25 Cal. 515; *Tomlinson* v. *Rubio*, 16 Cal. 203; *Manistique Lumber Co.* v. *Lovejoy*, 55 Mich. 189.) No summons was issued or served on the defendants in the case; nothing, in fact, but the order of injunction was ever served. The statutes of Montana expressly require that there shall be served on the defendants a copy of the complaint. (§ 174, first div. Comp. Stats. Mont.) The jurisdiction of the court over the parties would not be acquired until a summons was issued and served, and although the defendants might be guilty of implied comtempt after they had been served with a copy of the order alone, still the court would have no right to issue an injunction unless there had been a summons issued, for the statutes expressly provide (§ 174) that "the injunction may be granted at the time of issuing the summons upon the complaint and any time afterwards;" but it does not authorize the issuing of injunctions at any time before the summons is issued. The statutes also expressly provide that the "complaint in the one case and the affidavits in the other shall show satisfactorily that

sufficient grounds exist therefor. The plaintiff is not entitled to a writ of injunction in any case where she had a "plain, speedy, and adequate remedy at law. (*Hall* v. *Theisen*, 61 Cal. 524; *Rogers* v. *Cross*, 3 Chand. 34; *Watkins* v. *Logan*, 3 Mon. 21; *Manistique Lumber Co.* v. *Lovejoy*, 55 Mich. 189.) Courts will not enjoin execution even when it is a trust estate. (*Bouldin* v. *Alexander*, 7 Mon. 425; *Archbishop of S. F.* v. *Shipman*, 69 Cal. 586.)

*Reeves & Stiff*, for Respondent.

The case presented by the complaint is a proper one for an injunction. The complaint alleges that unless defendants are restrained from doing the act complained of great and irreparable injury will be done the plaintiffs. This allegation standing undenied must be considered as true. The statutes of Montana make this a ground for granting an injunction. (Second subd. of § 173, first div. Comp. Stats. Mont.) No summons was issued or served on the defendants, but that defect was waived by them when they appeared and moved the court for judgment on the pleadings. The fact that the appearance was made specially for the motion only can make no difference. (*Douglass* v. *Pacific Mail Steamship Co.* 4 Cal. 304.) If the sheriff had been permitted to proceed to a sale of the property about to be sold by him, and had executed a conveyance therefor, even if nothing would have passed by such sale and conveyance, it certainly would have created a cloud upon the title of the real owner of the property. The issuance of injunction is a proper method to prevent a cloud upon title. (High on Injunctions, § 372, and cases cited in n. 2.)

Blake, C. J.— The complaint of the respondent as the administratrix of the estate of W. J. McCormick, deceased, contains the following allegations of facts which are not denied by the appellants, and therefore admitted: Riddle and Watts, two of the appellants, filed, February 13, 1890, their complaint, and set forth that they were employed by T. D. Rees to do certain work upon a house constructed upon a lot numbered 1, in block numbered 56, in McCormick's Addition to the town of Missoula; that Rees, prior to the time of this employment by

said Riddle and Watts, entered into a contract with Kate H. McCormick to erect a house upon said lot; that said Kate H. McCormick owned said lot; that said Rees was the agent of said Kate H. McCormick for the purpose of contracting for said work; that between March 1, 1889, and May 15, 1889, Riddle and Watts completed said house according to the contract they had made with Rees; that at the time of commencing their suit there was due them the sum of $554; and that in May, 1889, Riddle and Watts filed their lien under the statutes on said lot, and that they prayed for judgment against Rees and said Kate H. McCormick for said sum, and that their lien be enforced against said property.

The complaint of the respondent further alleges that the court entered, May 5, 1890, a decree in said action, by which it is adjudged "that the said Kate H. McCormick and T. D. Rees were indebted to the said Riddle and Watts in the sum of $1,609.40, and to secure said sum aforesaid the said Riddle and Watts have and hold a lien on the lot of land aforesaid and the building thereon situated; . . . . that for the purpose of paying the sum aforesaid as found to be due Riddle and Watts, said lot . . . . be sold by the sheriff of Missoula County, State of Montana. And upon the payment of the purchase price of said lot and premises, that said sheriff convey said lot by deed to the purchaser. And that in obedience to the directions of said decree aforesaid the said sheriff has advertised said lot and premises for sale at the court-house in Missoula, Montana, on the third day of June, 1890. . . . . That said lot . . . . was never the property of the said T. D. Rees and Kate H. McCormick, or either of them, and that at the time when the contracts for the building of the house on said lot was said to have been made with the said Riddle and Watts and with T. D. Rees, said lot aforesaid was and has continued to be and is now the property of the estate of W. J. McCormick, deceased. That during the time of the construction of the said house aforesaid, as shown by the complaint and decree in the case of *Riddle and Watts* v. *T. D. Rees and Kate H. McCormick*, this plaintiff was and continued to be and now is the regularly appointed and acting administratrix of the estate of W. J. McCormick, deceased, and as such holds the title to said

lot for the benefit of the estate aforesaid. That under the decree aforesaid the said sheriff, W. H. Houston, who is made defendant hereto, will, on the third day of June, 1890, sell said lot, and will convey the same by deed unless enjoined and restrained from so doing by this court. That if said property is permitted to be sold, and the sheriff is not enjoined and restrained from making said sale, great and irreparable injury and damage will result to the plaintiff as the representative of the estate aforesaid, and to the estate also."

The judge of said court by an order dated June 3, 1890, enjoined the sheriff from making a sale and conveyance of said property. We will not review the motions which appear in the transcript and depend upon one question. If the complaint states facts sufficient to justify the issuance of the injunction, there is no error in the proceedings.

The respondent contends that the allegation in her complaint that "great and irreparable injury and damage will result to the plaintiff" must be considered as true, because it is not denied. But this is a conclusion of law which does not fall within this rule, and is not admitted by the appellants. (*Boley* v. *Griswold*, 2 Mont. 447.) Another familiar principle has been stated repeatedly in the books. In *Carlisle* v. *Stevenson*, 3 Md. Ch. 499, the chancellor said: "The mere allegation that irreparable injury will result to the complainant unless protection is extended to him is not sufficient; the facts must be stated, that the court may see that the apprehensions of irreparable mischief are well founded." (See, also, *Waldron* v. *Marsh*, 5 Cal. 119; *Mechanics' Foundry* v. *Ryall*, 75 Cal. 601; *Thorn* v. *Sweeney*, 12 Nev. 251; *Crisman* v. *Heiderer*, 5 Colo. 589.) A perusal of the complaint fails to disclose any facts of this nature. A valid judgment, of which no criticism is made, was entered in favor of Riddle and Watts and against Kate H. McCormick and T. D. Rees. There are no allegations of an equitable character such as fraud, injustice, or insolvency.

The position of the respondent is fairly presented in the following sentence of the brief: "The contention of plaintiff and respondent is as alleged in the complaint, that the property upon which the structure was built was the property of W. J. McCormick, deceased, and that Kate H. McCormick, one of

the defendants in the former action, never had any interest in the property whatever. Upon this statement of the case, respondent's counsel will present their argument."

This court has passed upon one of the questions which arises in the case. (*Chumasero* v. *Vial,* 3 Mont. 376; *Story* v. *Black,* 5 Mont. 26; *Princeton Min. Co.* v. *First Nat. Bank,* 7 Mont. 530.) In the case last cited Mr. Justice Bach said: "And it is also a rule of law, that where a judgment creditor attaches real estate of his judgment debtor, and that property is held by the said judgment debtor in trust, the judgment creditor (at least when purchasing with actual notice) obtains no right as against the *cestui que trust* of that property, even though the trust is no part of the records." The statutes concerning the liens of mechanics are decisive of some of the propositions which have been discussed by courts. "In all suits under this chapter the parties to the contract shall, and all other persons interested in the matter in controversy, and in the property charged with the lien, may be made parties; but such as are not made parties shall not be bound by any such proceedings." (Comp. Stats. fifth div. § 1379.)

It is shown by the record that neither the estate of W. J. McCormick, deceased, nor the administratrix thereof as the representative of said estate, who is the respondent, was a party to the action wherein said Riddle and Watts recovered their judgment. The foregoing language of the statute fixes in direct terms the legal consequences of such an omission. The section which authorizes the sale to enforce a lien of a mechanic is as follows: "That the lien given by section 820 of this chapter shall extend to the lot or land upon which any such building, improvements, or structure is situated to the extent of one acre, if outside of any town or city, or if within any town or city, then to the extent of the whole lot or lots upon which the same is situated, if the land belonged to the person who caused said building to be constructed, altered, or repaired; but if such person owned less than a fee-simple estate in such land, then only his interest therein is subject to such lien. (15th Extra Sess. 71.) The injunction under review is not subject to any conditions or limitations. We think that the case at bar is governed by *Archbishop* v. *Shipman,* 69

Cal. 586. It appeared that Dorland recovered a judgment against J. S. Alemany *et al.* for the foreclosure of a lien upon a certain parcel of land; that a corporation sole, known as "The Roman-Catholic Archbishop of San Francisco," was the owner of the premises, and was not a party to the judgment; that J. S. Alemany was the said archbishop; and that upon the application of the said corporation an injunction was issued to restrain the sale of the land by the sheriff. Mr. Justice McKee in the opinion said : "The judgment creditor has been forever enjoined from enforcing her judgment, because the plaintiff herein was not a party to it. . . . . The interest to which the lien attached may not have constituted a valid title; it may not, in fact, have been of any value; but whatever it was, the party in whose favor the right to it was adjudged was entitled as matter of right to have her judgment against it enforced by legal process. . . . . One who is not a party or privy to a judgment is not affected by it. As to him, the judgment and all proceedings under it are void. Neither the judgment nor an execution sale of land affected by it can change his rights in the land or create a cloud upon his title. . . . . The complaint fails to state a case cognizable in equity."

We are satisfied from the foregoing authorities that the court erred in issuing the injunction. Some questions respecting the service of papers or process have been discussed by counsel, but the transcript does not contain the facts which are essential to their decision, and we will presume that there was no irregularity.

It is therefore ordered and adjudged that the judgment and order be reversed and that the cause be remanded, with instructions to dissolve said injunction.

HARWOOD, J., and DE WITT, J., concur.