(24 Misc. Rep. 485.)

### ECKERT v. GALLIEN.

(Supreme Court, Special Term, New York County. August, 1898.)

1. COUNTERCLAIMS—WHAT ARE IMPROPER—ACTIONS OF TORT.
   Under Code Civ. Proc. § 501, providing that a counterclaim must tend in some way to diminish or defeat plaintiff's recovery, a counterclaim by defendant for the value of goods sold and delivered to plaintiff is improper in an action in tort.

2. SAME—DEMURRER—SPECIFICATION OF DEFECTS.
   A demurrer to a counterclaim, under Code Civ. Proc. § 495, subd. 4, on the ground that the counterclaim is not of the character specified in section 501, which provides that such counterclaim must tend in some way to diminish or defeat plaintiff's recovery, must point out specifically the particular defect relied on.

3. SAME—WAIVER OF OBJECTIONS.
   An objection that the counterclaim is not one allowed by law is not waived by plaintiff's failure to demur thereto.

Action by William H. Eckert against Brace M. Gallien. Demurrer by plaintiff to counterclaims pleaded in defendant's answer. Overruled.

Esselstyn, Ketcham & Safford (Henry B. Ketcham, of counsel), for plaintiff.

Scherer & Downs (Daniel E. Lynch, of counsel), for defendant.

LAUGHLIN, J. This is an issue of law arising on plaintiff's demurrer to three counterclaims pleaded in the answer, not merely as an offset, but with a demand for an affirmative judgment. It is conceded that the complaint is in tort to recover $750 paid to the defendant as agent for the plaintiff, and in trust to invest in stocks of a corporation to be organized by the defendant for the purpose of purchasing and conducting the business then being carried on

by the J. G. Dickson Manufacturing Company. It is further alleged that the defendant converted to his own use the money so paid to him by the plaintiff. The answer denies the material allegations of the complaint, and in the first count alleges, in substance, that the said $750 were paid by plaintiff on a subscription to $30,000 stock of such proposed new corporation, and that owing to the plaintiff's failure to pay the balance of such subscription the formation of a new corporation was, by his consent, abandoned, and that he thereupon agreed that the money so paid in by him should remain in the business of said manufacturing company until such time as said business would permit of its withdrawal, which time never arrived. For a second and separate defense and counterclaim the answer alleges that the defendant became sole proprietor of such company, which was a co-partnership, and that the plaintiff entered his employ, and violated his contract of employment, by neglecting the defendant's business and engaging in other business; that as such employé he collected money for the defendant, and failed to account therefor, and settled accounts owing to the defendant for less than was owing thereon, by which the defendant claims to have suffered damages in the sum of $2,000. The plaintiff demurs to this counterclaim on the ground that "it is not of the character specified in section 501 of the Code of Civil Procedure." For a third and separate defense and counterclaim the defendant alleges that the plaintiff, as such employé, received goods returned by defendant's customers of the value of $100, for which he failed to account. The third defense and counterclaim are for goods sold and delivered by the defendant to the plaintiff of the value of $58.42. The demurrers to the second and third counterclaims are in the same language as that interposed to the first.

The action is in tort, and none of the counterclaims state a cause of action arising out of the contract or transaction set forth in the complaint, or connected with the subject of the action. They are therefore not proper counterclaims in such an action. The proposition is too plain for argument, and needs only the citation of section 501 of the Code of Civil Procedure. It is claimed, however, on the part of the defendant, that the demurrer is a nullity, in that it is stated in the language in subdivision 4 of section 495 of the Code of Civil Procedure, and does not distinctly specify the objections to the counterclaim, and point out specifically the particular defect relied upon, as required by sections 490 and 496 of the Code. There is a conflict of authority on this question. In Grange v. Gilbert, 10 Civ. Proc. R. 98, it was held that such a demurrer was sufficient; but in the late case of Weeks v. O'Brien, 20 Misc. Rep. 48, 45 N. Y. Supp. 740, it was held that a demurrer in this form was insufficient, and, while this decision was reversed upon another ground, there is a dictum in the opinion (25 App. Div. 208, 49 N. Y. Supp. 344) to the effect, I think, that the defect should be more specifically pointed out. This ground of demurrer is not similar to any of the grounds of demurrer to a complaint which may be stated in the language of the Code. Section 496 of the Code provides that the mode of specifying the objection in a demurrer

to a counterclaim where an affirmative judgment is demanded is the same as where a demurrer is taken to a complaint; and section 490, prescribing the mode of specifying an objection in a demurrer to a complaint in those cases, where it is not sufficient to quote the language of the Code, provides that the objection must point out specifically the particular defect relied upon. It is evident, upon an examination of section 501 of the Code, which prescribes what is essential to a counterclaim, that there are only three defects that could ordinarily be relied upon to defeat a counterclaim, namely, (1) that it does not tend to defeat or diminish the plaintiff's recovery; (2) that it does not state a cause of action in favor of defendant against plaintiff, arising out of the contract or transaction set forth in the complaint, or connected with the subject of the action; or (3) that, if the action be on contract, it does not state a cause of action on contract in favor of defendant against plaintiff existing at the commencement of the action. The cases where the objections to the complaint are required to be stated more specifically than in the language of the Code are such that it would generally be difficult for the other party and for the court to know for a certainty the precise point intended to be raised by the demurrer. I cannot conceive of a case where there would be any difficulty in determining the precise objection to a counterclaim if the objection were allowed to be stated as stated in this demurrer, and yet it cannot be said that the demurrer points out specifically the particular defect relied upon. I am therefore constrained to follow the later decision, although the question is not free from doubt. The objection that the counterclaim is not one allowed by law in the action is not waived by the plaintiff's failure to demur thereto. Westervelt v. Ackley, 62 N. Y. 508; Smith v. Hall, 67 N. Y. 48; People v. Dennison, 84 N. Y. 280; Lipman v. Iron Works, 128 N. Y. 58–63, 27 N. E. 975; Stevens v. Orton, 18 Misc. Rep. 539, 43 N. Y. Supp. 792. In view of these rulings, no injustice will result from requiring a plaintiff to point out in his demurrer to a counterclaim the specific defect relied upon. The demurrer is overruled, with costs to the defendant to abide the event of the action, and with leave to the plaintiff to reply within 20 days.

Demurrer overruled, with costs to abide event, with leave to plaintiff to reply within 20 days.