POTTER, RESPONDENT, *v.* LOHSE, APPELLANT.

(No. 1,882.)

(Submitted April 23, 1904. Decided July 2, 1904.)

*Chattel Mortgages—Sale by Mortgagee—Rights of Purchaser—Subrogation — Acknowledgment of Title—Conversion—Actions—Parties—Pleading—Counterclaims—Instructions.*

1. Where a mortgagee of a chattel rightfully in possession thereof sells it to another, the mortgagor, who has neither paid nor tendered the mortgage indebtedness, has no right of possession such as to entitle him to maintain conversion against the purchaser.

2. A *bona fide* purchaser of property for value from a pledgee of the same, who sold it in violation of the pledge, succeeds to all the rights of the pledgee, and under Civil Code, Section 4602, which makes the rule the same when the reason is the same, a purchaser from a chattel mortgagee will likewise succeed to the rights of his grantor with respect to the property purchased, on the principle of subrogation, although there is no contract of assignment between him and his grantee.

3. Subrogation—an equitable defense—may be pleaded to a legal cause of action.

4. A defendant may plead inconsistent defenses·in the same answer, and may rely on them at the trial, subject to instructions as to their proper effect. Thus defendant in conversion may assert rights as absolute owner and as mortgagee.

5. Under Code of Civil Procedure, Section 691, providing that a counterclaim must arise out of the transaction set forth in the complaint as the foundation of plaintiff's claim, or connected with the subject of the action, a judgment cannot be set off against an action of conversion, but defendant's remedy is by bill in equity or other proceeding to offset one judgment against the other.

6. In an action for conversion by the mortgagor of a chattel against a purchaser from the mortgagee, who has theretofore become subrogated to the rights of such mortgage by operation of law, the mortgagee is not a necessary party to give defendant complete protection against plaintiff.

7. In conversion by a mortgagor of a chattel against a purchaser from the mortgagee who was rightfully in possession, a charge to find for plaintiff if he was the owner of the property and defendant had knowledge of his rights, was erroneous, as ignoring the question of plaintiff's right to possession.

8 The taking of a mortgage on a chattel by defendant's grantor ·in January is no acknowledgment by defendant, who purchased the chattel from his grantor in the following March,. of the mortgagor's title.

*Appeal from District Court, Silver Bow County; William Clancy, Judge.*

ACTION by David Potter against Fred Lohse. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed. · ·

*Messrs. Kirk & Clinton,* for Appellant.

This action is the old action of trover, although it is referred to here as an action for conversion. In such an action plaintiff must prove: (1) A right of property either general or special; and (2) possession or immediate right to the possession of the property at the time of the alleged conversion. He must establish not one, but both of these elements. (21 Ency. Plead. and Prac. 1039-41, and notes; *Stowell* v. *Otis,* 71 N. Y. 36; *Johnson* v. *Cormley,* 10 N. Y. 576; *Clements* v. *Yturria,* 81 N. Y. 286·; *Lewis* v. *Morley,* (N. C.) 34 Am. Dec. 380; *Poole* v. *Symonds,* (N. H.) 8 Am. Dec. 72; *Kennett* v. *Peters,* (Kan.) 37 Pac. 999; *Middlesworth* v. *Sedgwick,* 10 Cal. 392; *Tuscony* v. *Orr,* 49 Cal. 612; Edwards on Bailments, Sec. 315; Story on

Bailments, Secs. 93 and 394; *Wetzell* v. *Power,* 5 Mont. 217; *Swenson* v. *Kleinschmidt,* 10 Mont. 477.)

In an action for conversion defendant may, under a general denial, prove that the property belonged to himself or a third person. (*Staubach* v. *Rexford,* 2 Mont. 566.)

*Mr. Charles E. Oles,* and *Mr. J. E. Healy,* for Respondent.

The rights of the parties must be determined upon the date of the commencement of the action, and not upon matters arising subsequently. The defense was a denial of the allegations of the complaint; but even if a counterclaim was interposed it would have to be such as related to the same transaction and the same subject-matter of action; not only this, but it must be such as existed at the time of the commencement of the action. (Code of Civil Procedure, Sec. 691; *Babcock* v. *Maxwell,* 21 Mont. 507; *McGuire* v. *Lamb,* 17 Pac. 750; *McGuire* v. *Edsall,* 14 Mont. 359; 19 Am. Ency. Pl. and Pr. page 760; Pomeroy, Code Remedies, 3d Ed., Sec. 797.)

We submit that the same rule of law should govern as to chattel mortgages which is established with regard to real mortgages: That the mortgagee is estopped to deny the title of the mortgagor. (Ency. of Law, Mortgages, page 1005; Ency. of Law, Estoppel, page 444; *Upchurch* v. *Anderson,* 52 S. W. 917.)

The evidence upon the trial was conflicting regarding the value of the property. The affidavits are but contradictory of the plaintiff's witnesses, and cumulative of the evidence adduced by the defendant's witnesses. Such affidavits are not sufficient to warrant consideration; more than this, such affidavits do not show diligence. (See cases cited in Annotations to Code of Civil Procedure, Sec. 1171.)

MR. COMMISSIONER POORMAN prepared the following opinion for the court:

This is an action in conversion. The plaintiff had judgment in the district court, and from this judgment and an order over-

ruling defendant's motion for a new trial, the defendant appeals.

1. The defendant purchased certain personal property from one Wadsworth. The defendant sold a part of this property, and plaintiff then commenced this action to recover from the defendant the value of the property, alleging conversion thereof.

It appears from the evidence that the plaintiff, Potter, in August, 1900, gave to Wadsworth an absolute bill of sale of the property in question. Afterwards, on January 11, 1901, Potter executed to Wadsworth a chattel mortgage on this same property to secure the payment of a note for the sum of $200, executed and delivered by Potter to Wadsworth on that day, and due three months after date, with interest. The mortgage is in the usual form, and provides that the mortgagee may take possession of the property under the conditions usually provided in such mortgages. It is admitted that on March 1, 1901, Wadsworth took absolute possession of the property, locked the building in which it was kept, and refused admittance to Potter. The right of the mortgagee to such possession was not disputed. On March 5, 1901, the defendant, Lohse, purchased this property from Wadsworth, paying $247.50 therefor, and on the succeeding day, through his agent, took possession of it. .Potter at the time was present, and made no objection to the transfer. Plaintiff, Potter, has not paid nor offered to pay the mortgage indebtedness. It appears, therefore, that at the time of the sale to defendant the mortgagee was in possession of this property, claiming to be the owner thereof; and it does not appear from this record that the plaintiff, at the time the defendant acquired possession of the property, or at the time this action was commenced, had the right to the possession thereof.

The action of conversion under our Code is the same as the common-law action of trover. In *Harrington* v. *Stromberg-Mullins Co.,* 29 Mont. 157, 74 Pac. 413, this court said: "The party complaining 'must have had, when the goods were taken, a general or special property in them, and a right to the immediate possession.'" (*Glass* v. *Basin & Bay State M. Co.,* 31

Mont. 21, 77 Pac. 302; *Wetzel* v. *Power,* 5 Mont. 214, 2 Pac.
338; *Reardon* v. *Patterson,* 19 Mont. 231, 47 Pac. 956; *Binnian*
v. *Baker,* 6 Wash. 50, 32 Pac. 1008; *Swenson* v. *Kleinschmidt,*
10 Mont. 473, 26 Pac. 198; *Laubenheimer* v. *Bach, Cory & Co.,*
19 Mont. 177, 47 Pac. 803; *Kennett* v. *Peters,* 54 Kan. 119,
37 Pac. 999, 45 Am. St. Rep. 274; 21 Ency. Pl. and Pr. 1062.)

The mortgagor undoubtedly has his remedy for any damage
caused by fraud or injury to or sacrifice of the property by the
mortgagee in possession, or by any one in collusion with him;
but no such facts appear in this case.

2.   At the trial it was claimed by the plaintiff that this bill
of sale which he executed to Wadsworth was, in effect, a mort-
gage, and that it was canceled by the subsequent mortgage.   The
defendant, however, testified that he purchased the property be-
lieving that Wadsworth was the sole owner, and asked permis-
sion to amend his pleading; that he be subrogated to the rights
of Wadsworth as mortgagee, and permitted to set up a judgment
which he held against the plaintiff, and that Wadsworth be made
a party to the suit.   This the court denied.

The theory of the plaintiff in this action is that Wadsworth
was only a mortgagee in possession of the property.   Wadsworth
was a witness in the case, and testified: "My reason for selling
the horses to Lohse was that I wanted to get my money out of
the bill of sale, and did not want to be bothered with a lawsuit.
That is how Lohse and I arrived at the particular sum of
$247.50.   It was the amount of Potter's indebtedness to me.
That amount was just reckoned up—itemized up." It appears
from this and other evidence of Wadsworth that the amount
of money that he received from his grantee, Lohse, was the
amount Wadsworth claimed to be due to him from the plaintiff,
Potter.   This record shows that the mortgagee, at the time this
suit was tried, had not disposed of the note described in this
mortgage, and that the same was then past due; and it further
appears that defendant, Lohse, had not made voluntary payment
of plaintiff Potter's debts.

The rule with reference to pledgees is, "A *bona fide* purchaser of property for value from a pledgee of the same, who sold it in violation of the pledge, succeeds to all the rights of the pledgee." (*Brittan* v. *Oakland Bank of Savings*, 124 Cal. 282, 57 Pac. 84, 71 Am. St. Rep. 58; *Williams* v. *Ashe*, 111 Cal. 180, 43 Pac. 595.) This same principle was recognized by this court in *Reardon* v. *Patterson et al.*, 19 Mont. 231, 47 Pac. 956. It is difficult to distinguish in principle, then, between a purchase from a pledgee and the purchase from the mortgagee by the defendant, Lohse, under the circumstances of this case. "Where the reason is the same the rule should be the same" (Civil Code, Section 4602) to the extent of permitting Lohse, the purchaser from the mortgagee, to succeed to the rights of his grantor with respect to the property purchased. It is true there was no contract between the mortgagee and his vendee that this note and mortgage should be assigned to the vendee, but "the right of subrogation or of equitable assignment is not founded upon contract, nor upon the absence of contract, but is founded upon the facts and circumstances of a particular case and upon principles of natural justice." (See note to *Crumlish's Administrator* v. *Improvement Co.*, (Va.) 23 L. R. A. 120.)

It is also true that subrogation is an application of the principles of equity, but in this state an equitable defense may be pleaded to a legal cause of action. (Boone, Code Pleading, par. 78; *Power* v. *Sla*, 24 Mont. 243, 61 Pac. 468.)

It is likewise true that the defenses of absolute ownership and of rights as a mortgagee are inconsistent; but as was stated in *Ball* v. *Gussenhoven*, 29 Mont. 321, 74 Pac. 871: "We recognize the rule that a defendant is entitled to plead in the same answer as many defenses as he may wish to present, even though they are inconsistent with each other, and is entitled to present and rely upon any of such defenses upon the trial of the case; subject, however, to proper instructions to the jury as to their proper effect in each case."

The judgment which the defendant, Lohse, holds against the plaintiff, Potter, cannot properly be pleaded in this action as a

setoff or counterclaim. Under Section 691 of the Code of Civil Procedure, in an action in tort the defendant cannot counterclaim any new matter not arising out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action. (*Davis* v. *Frederick,* 6 Mont. 300, 12 Pac. 664.)

The converse of this proposition was held in *Collier* v. *Ervin,* 3 Mont. 142, where this court said: "A counterclaim founded upon a tort cannot be set off against a claim founded upon contract." The court, further construing the statute, says: "The counterclaim must arise out of the transaction set forth in the complaint as the foundation of plaintiff's claim, or connected with the subject of the action. * * * The words in our statute 'subject of the action' should be construed, not as relating to the thing itself about which the controversy has arisen, but as referring rather to the origin and grounds of the plaintiff's right to recover or obtain the relief asked." (See, also, *Boley* v. *Griswold,* 2 Mont. 447; *Wells* v. *Clarkson,* 2 Mont. 230, 339; *Roush* v. *Fort,* 3 Mont. 175; *Wells, Fargo & Co.* v. *Clarkson,* 5 Mont. 336, 5 Pac. 894; *Story & Isham Commercial Co.* v. *Story,* 100 Cal. 30, 34 Pac. 671.)

Section 501, Code of Civil Procedure of New York, is the same as Section 691, Code of Civil Procedure of Montana. In construing this section the Supreme Court of New York, in *Eckert* v. *Gallien,* (Sup.) 53 N. Y. Supp. 879, says: "The action is in tort, and none of the counterclaims state a cause of action arising out of the contract or transaction set forth in the complaint, or connected with the subject of the action. They are therefore not proper counterclaims in such an action." (*Ferris* v. *Armstrong Mfg. Co.,* (Sup.) 10 N. Y. Supp. 750; *Chambers* v. *Lewis,* 11 Abb. Prac. 210; *People* v. *Dennison,* 84 N. Y. 272, 59 How. Prac. 157; *Pattison* v. *Richards,* 22 Barb. 143; *Smith* v. *Hall,* 67 N. Y. 48.)

In *Lehmair* v. *Griswold,* 40 N. Y. Super. Ct. 100, the court says: "The words 'the subject of the action' mean the facts constituting plaintiff's cause of action."

The remedy of the defendant, in the event of a judgment being taken against him in this case, is by bill in equity, or other appropriate proceeding to offset the one judgment against the other. (*Russell* v. *Conway,* 11 Cal. 93; *Duff* v. *Hobbs,* 19 Cal. 659; *Lyon, Adm'r,* v. *Petty,* 65 Cal. 322, 4 Pac. 103; *Duncan* v. *Bloomstock,* 13 Am. Dec. 728, 2 McCord, 318; *Hovey* v. *Morrill,* 61 N. H. 9, 60 Am. Rep. 315; *Quick, Adm'r,* v. *Durham,* 115 Ind. 302, 16 N. E. 601; *Puett* v. *Beard,* 86 Ind. 172, 44 Am. Rep. 280; *Green* v. *Conrad,* 114 Mo. 651, 21 S. W. 839.)

The assignment of the note and mortgage to defendant being made by operation of law, Wadsworth is not a necessary party to the suit in order to give the defendant complete protection as against the plaintiff, and the court therefore did not err in refusing to make Wadsworth a party at the instance of the defendant over the objection of plaintiff.

Plaintiff's instruction No. 1, given by the court, is as follows: "The jury are instructed that in this case the action is one which is called conversion—that is, the plaintiff alleges that the defendant Lohse has taken plaintiff's property from him, and converted the same to his (Lohse's) own use. If you find that the plaintiff was the owner of the property at the time of the taking of said property by the said Lohse, and that Lohse had knowledge of the plaintiff's rights therein and thereto, then you will find for the plaintiff and against the defendant for such amount as you find the value of the property under the evidence to have been, at the time of the said taking, in the market at Meaderville." This instruction entirely ignores all question as to the plaintiff's right of possession, and is therefore erroneous.

Plaintiff's instructions Nos. 2 and 3 were given by the court upon the theory that the defendant was not entitled to be subrogated to the rights of the mortgagee, and would therefore be inapplicable upon a retrial of this case. Instruction No. 3 is also erroneous in that it instructs the jury that the taking of

the mortgage by Wadsworth was equivalent to an acknowedgment of plaintiff's title by the defendant. This mortgage was executed on the 11th of January, and the purchase by the defendant from Wadsworth was not made until the 5th and 6th of March following.

Defendant's instruction No. 1, as given by the court, is also erroneous. The words therein, "and you further find that said Wadsworth owned the same," should be stricken from the instruction, and the words "was present at and" should be inserted in the instruction immediately following the name "Potter" and before the word "knew."

Defendant's instruction No. 2, which the court refused to give, is incomplete. To make it sufficient, there should be inserted therein the word "plaintiff's" immediately preceding the word "title," where the same occurs in the phrase "notice of title"; also the phrase "but in plaintiff" should be inserted immediately following the name "Wadsworth," and preceding the word "and," where the same occurs in the phrase "said Wadsworth, and unless he has done so."

The other errors complained of can hardly arise upon a retrial.

We think the judgment and order appealed from should be reversed, and the cause remanded for a new trial.

PER CURIAM.—For the reasons stated in the foregoing opinion, the judgment and order are reversed, and the cause is remanded for a new trial.

MR. CHIEF JUSTICE BRANTLY, not having heard the argument, takes no part in this decision.